UNITED STATES of America,
Plaintiff–Appellee,

v.

Arthur Cleon DRAPER, Defendant–
Appellant.

No. 93–6256.

United States Court of Appeals,
Tenth Circuit.

May 6, 1994.

Edward J. Kumiega, Asst. U.S. Atty. (Vicki Miles–LaGrange, U.S. Atty., with him on the brief), Oklahoma City, OK, for plaintiff-appellee.

June E. Tyhurst, Asst. Federal Public Defender, Oklahoma City, OK, for defendant-appellant.

Before ANDERSON and KELLY, Circuit Judges, and McWILLIAMS, Senior Circuit Judge.

McWILLIAMS, Senior Circuit Judge.

In a one-count indictment, Arthur Cleon Draper, a convicted felon, was charged with knowingly and unlawfully possessing a Colt, AR–15, .223 caliber rifle and a Ruger, 9mm semi-automatic pistol, and certain ammunition therefor, which were in and affecting interstate commerce in that they had previously crossed state lines to reach Oklahoma,

in violation of 18 U.S.C. § 922(g)(1) (1988). Pursuant to a plea agreement, Draper pleaded guilty to the charge and was later sentenced to 46 months imprisonment, 3 years supervised release and a $50 special assessment. Draper appeals the sentence imposed. Some background facts will put the particular matter here at issue in focus.

On March 15, 1992, Oklahoma City Police responded to a report of threatened gang violence in Northwest Oklahoma City, Oklahoma. There they found Draper driving a Mercedez–Benz automobile in which were three male passengers. After stopping the vehicle, the officers saw, in plain view between the driver and passenger seats, a Colt AR–15, .223 caliber rifle and a Ruger 9mm semi-automatic pistol. The officers seized both weapons, which were loaded, and certain ammunition. Draper was a convicted felon, at the time, and the foregoing episode formed the basis for the one-count indictment to which Draper pleaded guilty.

The presentence report set Draper's base offense level at 14. The report recommended that Draper's base offense level be raised two levels, pursuant to United States Sentencing Guideline ("U.S.S.G.") § 2K2.1(b)(4) ("Specific Offense Characteristics") since the Colt AR–15 rifle was stolen. Draper does not challenge his base offense level (14) or the addition thereto of two levels under U.S.S.G. § 2K2.1(b)(4).

The district court, after hearing, followed the further recommendation in the presentence report that Draper's base offense level be increased by four more levels under U.S.S.G. § 2K2.1(b)(5), since "there is reason to believe that the defendant used these firearms, the Colt and the Ruger, in connection with another felony (drug purchasing and distribution)." The propriety of this particular addition to the base offense level is the sole issue in this appeal.[1]

U.S.S.G. § 2K2.1 provides as follows:

## 2. FIREARMS

§ 2K2.1. *Unlawful Receipt, Possession, or Transportation of Firearms or Ammunition: Prohibited Transactions Involving Firearms or Ammunition*

(a) Base Offense Level (Apply the Greatest):

&ast; &ast; &ast; &ast; &ast; &ast;

(6) **14**, if the defendant is a prohibited person; or

&ast; &ast; &ast; &ast; &ast; &ast;

(b) Specific Offense Characteristics

&ast; &ast; &ast; &ast; &ast; &ast;

(4) If any firearm was stolen, or had an altered or obliterated serial number, increase by 2 levels.

(5) If the defendant used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense, increase by 4 levels. If the resulting offense level is less than level 18, increase to level 18.

Counsel filed an objection to the recommendation in the presentence report that Draper's base offense level be increased by four levels under U.S.S.G. § 2K2.1(b)(5), and a hearing was held in connection therewith. At that hearing, the government called Draper's former live-in girlfriend who stated that she lived with Draper from December, 1992, until she moved out on March 7, 1993. The gist of her testimony was that Draper was a drug dealer and had used the two weapons found in his Mercedez–Benz at the time of his arrest in connection with various drug transactions. Specifically, this witness testified that Draper, in February 1993, had gone to pick up rock cocaine in Dallas, Texas, and that on his return he "cut" the rock cocaine in their apartment, with the Ruger laying on the cutting table and the Colt rifle in the bedroom "for protection." Furthermore, she

1. At this point, Draper's base offense level was 20. It was then reduced three levels because of Draper's acceptance of responsibility, giving him a total offense level of 17. Draper had a criminal history category of IV. The guideline range for one with a base offense level of 17 and a criminal history category of IV is imprisonment for 37 to 46 months. As indicated, the district court sentenced Draper to imprisonment for 46 months.

testified that Draper took the Ruger with him when he made drug deliveries.

 In increasing Draper's base offense level by four levels under U.S.S.G. § 2K2.1(b)(5), the district judge stated that he found the girlfriend's testimony to be credible. Counsel on appeal challenges the credibility of that witness. Credibility, of course, is a matter for the district court, not this court.[2] Be that as it may, the district court's finding that Draper used the Ruger pistol and rifle in connection with prior drug transactions is supported by the evidence.

 However, counsel goes on to argue in her brief that even if the district court believed "every word" the former girlfriend testified to, the district court still erred in raising Draper's base offense level by four levels under U.S.S.G. § 2K2.1(b)(5). In this regard, counsel suggests that this section does not permit a four-level enhancement of a base offense level where the other alleged felony offense, in our case drug offenses, occurred "weeks or months prior to the offense of conviction which occurred on March 15, 1993." We do not agree.

 U.S.S.G. § 2K2.1(b)(5) provides, in so many words, that a defendant, convicted of unlawfully possessing a firearm, shall have his base offense level raised by four levels if he "used or possessed any firearm ... in connection with another felony offense." As indicated, the district court found that Draper had indeed used both the pistol and rifle, which formed the basis for the present indictment to which Draper pleaded guilty, in prior drug transactions occurring within three months preceding his arrest on March 15, 1993. The guidelines do not require that the other offense occur on the same date as the offense for which the defendant was indicted and found guilty, or be otherwise closely related thereto.

In her brief, counsel for Draper relies heavily on *United States v. Roederer*, filed by a panel of this Court on August 10, 1993 (*Roederer I*). *Roederer I* did not involve U.S.S.G. § 2K2.1(b)(5), but involved U.S.S.G. § 2D1.1(b)(1).[3] In *Roederer I* the defendant pled guilty, *inter alia*, to a charge of distributing cocaine, in violation of 21 U.S.C. § 841(a)(1) (1988). The distribution occurred in the defendant's vehicle, and as the defendant drove away the police arrested him. No weapon was found on the defendant's person or in his car. Later defendant's apartment was searched and a small amount of cocaine and a loaded revolver were found.

U.S.S.G. § 2D1.1 relates to offenses involving drugs, and subsection (b)(1) thereof provides that the base offense level for one convicted of a drug offense shall be increased by two levels "[i]f a dangerous weapon (including a firearm) was possessed." The district court in *Roederer I* accordingly increased the defendant's base offense level by two levels based on the revolver found in defendant's apartment. In the district court, and in this Court, the defendant contended that since he had no weapon on his person or in the car when he sold the cocaine, which was the basis for his indictment and conviction, a two-level increase under U.S.S.G. § 2D1.1(b)(1) was improper. The government's position was that the defendant had used the revolver found in a search of his apartment in other drug deals and evidence to that effect was introduced at sentencing.

In that general setting we held in *Roederer I* that the two-level increase was improper

---

2. 18 U.S.C. § 3742(e) provides that, when reviewing sentences imposed under the United States Sentencing Guidelines, "[t]he court of appeals shall give due regard to the opportunity of the district court to judge the credibility of the witnesses, and shall accept the findings of fact of the district court unless they are clearly erroneous and shall give due deference to the district court's application of the guidelines to the facts."

3. Part D—Offenses Involving Drugs
 *　*　*　*　*　*
 § 2D1.1. Unlawful Manufacturing, Importing, Exporting, or Trafficking (Including Possession with an Intent to Commit these Offenses); Attempt or Conspiracy
 (a) Base offense Level (Apply the Greatest):

 *　*　*　*　*　*

 (b) Specific Offense Characteristics
 (1) If a dangerous weapon (including a firearm) was possessed, increase by 2 levels.

since the government had failed to show that the revolver was "present in physical proximity to the offense" for which the defendant was convicted. Counsel argues that the rationale of *Roederer I* suggests that the district court erred in the instant case in increasing Draper's base offense level by four levels under U.S.S.G. § 2K2.1(b)(5).

However, the panel in *Roederer I,* after Draper's brief in the instant case was filed, filed an Opinion on Rehearing in which it upheld the two-level enhancement under U.S.S.G. § 2D1.1(b)(1). *See United States v. Roederer,* 11 F.3d 973 (10th Cir.1993). *(Roederer II ).*

In *Roederer II,* we held that since the defendant had a weapon in his apartment which, though not used in the cocaine distribution to which he had pled guilty, was used in other drug deals, the enhancement was proper since the revolver was used "during the course of [his] drug distribution activities." At oral argument counsel agreed that *Roederer II* negated any reliance on *Roederer I.*[4]

In the instant case, Draper, a convicted felon, had in his possession, when arrested, a Ruger pistol and a Colt rifle. Such was the basis for the charge that Draper, as a felon, unlawfully possessed firearms, to which charge he pled guilty. And the record supports the district court's finding that the Ruger and the rifle, in our case, "were used or possessed ... in connection with another felony offense," namely drug distributions. Such clearly brings Draper within the provision of U.S.S.G. § 2K2.1(b)(5). This conclusion we believe is in accord with *United States v. Gomez–Arrellano,* 5 F.3d 464 (10th Cir.1993), and *United States v. Sanders,* 990 F.2d 582 (10th Cir.1993).

Judgment affirmed.

---

**4.** In *Roederer II* we quoted with approval the following language from *United States v. Willard,* 919 F.2d 606, 609–10 (9th Cir.1990), *cert. denied,* —— U.S. ——, 112 S.Ct. 208, 116 L.Ed.2d 167 (1991):

> Even when a guilty plea is entered on a single count of possession, the court must neverthe-

less look to the entire relevant conduct in determining the sentence. That conduct ... includes possession of a gun while engaging in drug sales related to, though distinct from, the crime of conviction.