# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 03-2499

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| John Jeffery Davis, | * | |
| | * | |
| Appellant. | * | |

———————

Submitted: January 14, 2004

Filed: March 16, 2004

———————

Before WOLLMAN, RICHARD S. ARNOLD, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

———————

WOLLMAN, Circuit Judge.

Following John Jeffery Davis's plea of guilty to being a felon in possession of a firearm, the district court[1] sentenced him to 120 months of imprisonment, to be followed by three years of supervised release. Davis appeals, arguing that the district court erroneously increased his sentence of imprisonment through application of United States Sentencing Guideline (U.S.S.G.) § 2K2.1(b)(5). We affirm.

———————

[1]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

## I.

On January 18, 2003, a few months after Davis had completed a federal sentence of imprisonment for, among other things, armed bank robbery, he committed a carjacking, using a nine millimeter semiautomatic handgun in the process of doing so. Davis was charged with armed robbery in state court and released on bond. Because the commission of the carjacking offense constituted a violation of Davis's supervised release on his prior federal conviction, a federal arrest warrant was issued on January 27, 2003, and Davis was taken into custody the following day. At the time of his arrest, Davis had a .25 caliber semiautomatic pistol on his person, the weapon that formed the basis of the present charge.

At sentencing, the district court considered the January 18 carjacking and applied § 2K2.1(b)(5), which provides for a four-level increase in a defendant's Guideline offense level "if the defendant used or possessed any firearm . . . in connection with another felony offense . . . ." This shifted Davis's total imprisonment range under the Guidelines from 70-87 months to 100-120 months.

## II.

Davis challenges the district court's application of the Guidelines to the facts of his case, a matter that we review de novo. See United States v. Willey, 350 F.3d 736, 738 (8th Cir. 2003). Davis argues that § 2K2.1(b)(5) does not contemplate enhancement for "another felony offense" that was temporally and spatially distinct from the offense of conviction. He accordingly contends that the enhancement is inapplicable here because his commission of "another felony offense" – the carjacking – occurred in a different location some ten days prior to his possession of the .25 caliber pistol. We do not agree.

Nothing in § 2K2.1(b)(5) expressly precludes its application to a felony offense that occurred at a time and place distinct from the offense of conviction. Although it may often be the case that a defendant's possession of a firearm occurs in relation to the commission of a contemporaneous felony offense, § 2K2.1(b)(5) does not limit the application of the words "another felony offense" to such a situation. See United States v. Mann, 315 F.3d 1054, 1056-57 (8th Cir.), cert. denied, 124 S. Ct. 125 (2003) (applying plain language); cf. United States v. Stolba, 357 F.3d 850, 853 (8th Cir. 2004) (finding that § 3C1.1 included specific language that precluded its application to prior obstructive conduct). Absent a special definition of the particular term at issue, we give Guideline language its ordinary meaning. Mann, 315 U.S. at 1055 (citing Chapman v. United States, 500 U.S. 453, 462 (1991)). A plain reading here is consonant with the Guideline's far-reaching purpose of accounting for the increased risk of violence when those committing felonies possess firearms. See Mann, 315 F.3d 1056; United States v. Regans, 125 F.3d 685, 686 (8th Cir. 1997).

Davis argues that reading § 2K2.1(b)(5) to encompass non-contemporaneous felonies would permit enhancement for uncharged felonious conduct that may have been committed years prior to the offense of conviction. Cf. United States v. Regenwether, 300 F.3d 967, 969-70 (8th Cir. 2002) (Bright, J., concurring). Be that as it may, we conclude that our decision in Mann, which holds that the firearm used in another felony offense need not be the same firearm involved in the offense of conviction, requires that we reject Davis's proposed reading of § 2K2.1(b)(5). Davis's argument presumes that the § 2K2.1(b)(5) enhancement is limited only to acts or omissions "during commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense . . . ." U.S.S.G. § 1B1.3(a)(1). In fact, relevant offense conduct also includes "any other information specified in the applicable guideline," U.S.S.G. § 1B1.3(a)(4), and the applicable Guideline here, § 2K2.1(b)(5), specifies enhancement whenever the defendant possessed "any firearm . . . in connection with . . . another felony

offense . . . ." Cf. United States v. Torres-Echavarria, 129 F.3d 692, 698 (2d Cir. 1997).

Davis argues further that because neither § 2K2.1(b)(5) nor § 1B1.3 expressly provides that § 2K2.1(b)(5) should apply to non-contemporaneous conduct, the latter section is ambiguous and that under the rule of lenity we should find that it is not applicable to his case. See United States v. Speakman. 330 F.3d 1080, 1083 (8th Cir. 2003). Davis did not raise this argument below, and in any event we do not agree that the relevant Guideline provisions are ambiguous. The phrase "felony offense" is elsewhere defined in §2K2.1(b)(5), see id. cmt. 7, and use of the word "another" here does not admit of two reasonable interpretations. Id. cmt. 18; cf. United States v. Fenton, 309 F.3d 825, 828 n. 3 (3rd Cir. 2002) (agreeing that "another felony offense" is unambiguous but urging application of the rule of lenity).

We have rejected the requirement of contemporaneous conduct in other contexts, see United States v. Mack, 343 F.3d 929, 933 (8th Cir. 2003), and two other circuits have refused to read §2K2.1(b)(5) as Davis would have us do. See United States v. Hart, 324 F.3d 740, 750 (D.C. Cir. 2003); United States v. Draper, 24 F.3d 83, 85 (10th Cir. 1994). As observed in Hart, the Draper holding has stood during a decade of amendments to the Guidelines without any suggestion by the Sentencing Commission that the enhancement should apply only to contemporaneous conduct. Hart, 324 F.3d at 746.

A judge sentencing someone in Davis's situation during the pre-Guidelines regime would have been free to consider Davis's participation in the carjacking. Likewise, we believe that the Commission was free to conclude that the risk created by a defendant who earlier committed an armed carjacking should be taken into account in sentencing that defendant on a charge of unlawfully possessing yet another firearm.

We conclude that the January 18, 2003, armed carjacking constituted "another felony offense" within the meaning of § 2K2.1(b)(5). Accordingly, Davis's use of a firearm during the carjacking different from the weapon that formed the basis of the present prosecution does not preclude the application of the guideline in determining the sentence to be imposed on the conviction on the present charge.

The sentence is affirmed.

_____