# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1839

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Western |
| v. | * | District of Missouri. |
| | * | |
| Geoffrey L. Rashaw, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: March 14, 2006
Filed: March 20, 2006

_____

Before WOLLMAN, FAGG, and RILEY, Circuit Judges.

_____

PER CURIAM.

A jury convicted Geoffrey L. Rashaw on two counts of being a felon in possession of a firearm and one count of possessing an unregistered firearm. At Rashaw's post-Booker sentencing, the government presented evidence that Rashaw possessed firearms in connection with a double homicide. Based on the evidence, the district court[*] set Rashaw's base offense level at 43 under U.S.S.G. § 2K2.1(c)(1)(B) (if defendant used or possessed any firearm in connection with the commission of another offense and death resulted, apply the most analogous offense guideline from

_____

[*]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

chapter two, part A, subpart 1 (homicide)). See U.S.S.G. § 2A1.1 (setting base offense level of 43 for first-degree murder). With a base offense level of 43 and a criminal history category of III, the sentencing guidelines set the sentence at life imprisonment. Because statutory provisions limited the sentence on each count to ten years, however, the court sentenced Rashaw to three consecutive 120-month terms of imprisonment under U.S.S.G. § 5G1.2(d).

Rashaw appeals arguing the 360-month sentence is unreasonable because the district court expressly based the sentence on a finding that he had committed an unrelated, uncharged double murder. Rashaw points out the guns he possessed with respect to his sentence were not involved in the double homicide. The § 2K2.1 enhancement for using a firearm in another felony need not be the same firearm involved in the offense of conviction, however. United States v. Davis, 360 F.3d 901, 903 (8th Cir. 2004).

Rashaw also argues that under United States v. Booker, 543 U.S. 220 (2005), the double murder had to be found by a jury beyond a reasonable doubt, rather than by a judge on a preponderance of the evidence. Because the district court applied the guidelines in an advisory manner, the court could find sentence-enhancing facts by a preponderance of the evidence. United States v. Garcia-Gonon, 433 F.3d 587, 593 (8th Cir. 2006); United States v. Red Elk, 426 F.3d 948, 951 (8th Cir. 2005) (including uncharged conduct).

Rashaw contends that although the court had statutory authority to impose the 360-month sentence, the sentence is unreasonable because the court gave weight to an improper factor–the uncharged double murder. We disagree. The double murder was relevant conduct that was properly considered in deciding Rashaw's guidelines range and the factors in 18 U.S.C. § 3553(a). See Davis, 360 F.3d at 903.

Last, we grant Rashaw's motion to file a supplemental brief, and reject the contentions raised in the brief because they lack merit. We thus affirm the district court.

_____