# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 05-3699

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Ramon T. Morales, also known as | * | |
| Munchies, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: October 6, 2006
Filed: October 23, 2006

_____

Before SMITH, MAGILL, and BENTON, Circuit Judges.

_____

PER CURIAM.

Ramon Morales pleaded guilty to being a felon in possession of firearms and to possessing a firearm with an obliterated serial number in violation of 18 U.S.C. §§ 922(g)(1), (k), and 2. After this court vacated his original sentence and remanded for resentencing under United States v. Booker, 543 U.S. 220 (2005), the district court[1] resentenced him to concurrent prison terms of 64 months on the first count and 60 months on the second count, to be followed by concurrent terms of two years of

_____

[1]The Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa.

supervised release. On appeal, counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the district court erred in applying U.S.S.G. § 2K2.1(b)(5) (4-level enhancement for using or possessing any firearm or ammunition in connection with another felony offense). Specifically, counsel argues that the enhancement is erroneous because it is based on a prior conviction that was unrelated to the instant offense and the firearms involved. We reject counsel's argument and affirm.

We review de novo the district court's legal conclusions concerning the application of section 2K2.1(b)(5), and we review the underlying factual findings for clear error. See United States v. Anderson, 339 F.3d 720, 724 (8th Cir. 2003) (standard of review). It is undisputed that Morales has a prior conviction for aggravated discharge of a firearm, and thus the district court properly concluded that he used "any firearm . . . in connection with another felony offense"; we have expressly held that section 2K2.1(b)(5) applies for other felony offenses that occurred distinct from the offense of conviction and that "the firearm used in another felony need not be the same firearm involved in the offense of conviction." See United States v. Davis, 360 F.3d 901, 902-04 (8th Cir. 2004).

After our review of the record pursuant to Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, we grant counsel's motion to withdraw, and we affirm.

_____