# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3608

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota. |
| Michael Miller, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: March 13, 2007
Filed: May 2, 2007

_____

Before WOLLMAN, JOHN R. GIBSON, and MURPHY, Circuit Judges.

_____

MURPHY, Circuit Judge.

Michael Miller pled guilty to possession of a firearm by a felon, and the district court[1] sentenced him to 120 months in prison, the statutory maximum. Miller appeals, contending that the district court erred in departing upward under the advisory guidelines. He also challenges the reasonableness of his sentence. We affirm.

---

[1]The Honorable Andrew W. Bogue, United States District Judge for the District of South Dakota.

In February 2003 Miller broke into a truck in a mall parking lot in Rapid City and stole a rifle. Miller, who was 22 years old at the time, had previously been convicted of two crimes of violence. A federal grand jury indicted him on one count of being an armed career criminal in possession of a firearm, in violation of 18 U.S.C. § 924(e)(1), and one count of possessing a stolen firearm, in violation of 18 U.S.C. § 922(j). Pursuant to a written plea agreement, Miller pled guilty to a superseding information charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

The presentence report calculated Miller's total offense level to be 23 with a criminal history category of VI . In addition to two previous crimes of violence, his criminal history score of 18 included 2 points for being on probation at the time of the instant offense, see U.S.S.G. § 4A1.1(d), 1 point for committing the offense less than two years following his release from custody, see U.S.S.G. § 4A1.1(e), and 4 points for six convictions which had resulted in terms of imprisonment for less than 60 days, see U.S.S.G. § 4A1.1(c). The advisory guideline range was 92 to 115 months.

The presentence report suggested that an upward departure might be warranted under U.S.S.G. § 4A1.3(a)(1) due to Miller's extensive criminal history and the likelihood of recidivism. The report noted that Miller had not received any criminal history points for a number of juvenile and adult convictions including attempted burglary at age 14, malicious mischief, twice taking or riding in a motor vehicle without permission, felony harassment, reckless endangerment, assault, driving with a suspended license, and violation of a civil antiharassment order.[2]

At the sentencing hearing, the district court departed upward on the ground that Miller's criminal history category of VI underrepresented his actual criminal history

---

[2]Since Miller did not object to the specific factual allegations in the presentence report, the district court could accept them as established. See United States v. Sorrells, 432 F.3d 836, 838 (8th Cir. 2005).

and his likelihood to recidivate. See § 4A1.3(a)(1). The court pointed out that much of Miller's extensive criminal history had not been scored, and that his "utter disrespect for the law and violent behavior" and multiple convictions for the same type of offenses he had committed as a juvenile were aggravating circumstances not accounted for in the sentencing guidelines, see 18 U.S.C. § 3553(b). In addition the district court stated that the facts and circumstances of Miller's case were "outside of the heartland" of cases involving a felon in possession of a firearm because Miller "has made part of his regular routine to steal cars or other items in vehicles." According to the district court, an increased sentence would serve the sentencing objectives of punishment, deterrence, and incapacitation. It therefore departed upward under § 4A1.3, but it indicated that it would alternatively have reached the same sentence by considering the § 3553(a) factors and varying from the guidelines. Miller acknowledged in allocution that he had never received "stiff punishments" for his past crimes.

The district court sentenced Miller to the statutory maximum of 120 months in prison. See 18 U.S.C. § 924(a)(2). His sentence also included three years of supervised release, which the district court deemed necessary "in order to protect the public and rehabilitate the defendant." Miller appeals from the judgment, challenging the district court's upward departure and his sentence.

Miller first argues that the district court abused its discretion by departing upward from his advisory guideline range pursuant to § 4A1.3. He contends that his criminal history was not underrepresented and that the district court improperly considered the number of his convictions but not their nature, citing U.S.S.G. § 4A1.3, cmt. n. 2B ("In determining whether an upward departure from Criminal History Category VI is warranted, the court should consider that the nature of the prior offenses rather than simply their number is often more indicative of the seriousness of the defendant's criminal record.").

A district court's departure from the advisory guidelines is reviewed for abuse of discretion. United States v. Mashek, 406 F.3d 1012, 1017 (8th Cir. 2005). Section 4A1.3(a)(1) of the advisory guidelines permits an upward departure "[i]f reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." An upward departure pursuant to § 4A1.3 may be particularly appropriate in the context of "defendants in their early twenties or younger" who repeatedly have received lenient sentences, yet who may pose a significant risk of serious recidivism. See U.S.S.G. § 4A1.3, cmt. background. "When contemplating and structuring such a departure, the district court should consider both the nature and extent of a defendant's criminal history." United States v. Hacker, 450 F.3d 808, 812 (8th Cir. 2006).

The district court did not abuse its discretion in departing upward based on its finding that criminal history category VI substantially underrepresented the seriousness of Miller's criminal history and risk of recidivism. Here, the 18 criminal history points calculated in the presentence report were 5 more than the 13 required for category VI, see generally U.S.S.G. Ch. 5, Pt. A, and they only reflected a portion of Miller's past criminal conduct. Miller had been a recidivist criminal since age 14 and had several juvenile adjudications for which he had not received any criminal history points, but which can be a basis for departure under U.S.S.G. § 4A1.3(a)(2)(A). Miller also had received relatively lenient sentences despite having been convicted of several serious criminal offenses, namely motor vehicle theft. See United States v. Headbird, 461 F.3d 1074, 1079-80 (8th Cir. 2006) (theft of vehicle qualifies as crime of violence for sentencing enhancement purposes). The district court sufficiently considered the nature of Miller's convictions when it remarked that its departure was based not only on the length of Miller's criminal record, but on his recurring pattern of violent behavior. Cf. United States v. Mugan, 441 F.3d 622, 633 (8th Cir.) (defendant's consistent pattern of sexual misconduct, rather than low

number of prior offenses, indicated likelihood of future sexual abuse not reflected in criminal history category), cert. denied, 127 S. Ct. 191 (2006).

Miller next asserts that his sentence was unreasonable and that the district court erred in its written order of judgment and commitment by failing to state with specificity its reasons for the sentence imposed, as required by 18 U.S.C. § 3553(c)(2). In sentencing a defendant, the district court should determine first the appropriate guideline range, then consider whether a traditional departure is appropriate, and finally decide whether or not to impose a guideline sentence. The latter decision is made after considering all of the sentencing factors in § 3553(a). United States v. Haack, 403 F.3d 997, 1002-03 (8th Cir.), cert. denied, 126 S. Ct. 276 (2005). We review the reasonableness of a sentence for an abuse of discretion. United States v. Sebastian, 436 F.3d 913, 915 (8th Cir. 2006). A sentencing court abuses its discretion if it "fails to consider a relevant factor . . . gives significant weight to an improper or irrelevant factor, or . . . commits a clear error of judgment." Haack, 403 F.3d at 1004. When the sentencing court fails to state the reasons for the sentence in the written judgment, we affirm if the sentence itself is reasonable. United States v. Little Hawk, 449 F.3d 837, 841 (8th Cir. 2006).

Although the district court did not specifically address the § 3553(a) factors at the same time it imposed the 120 month sentence, it referenced them in departing upward, and in providing an alternate basis for the enhanced sentence and for the conditions of supervised release. See Mugan, 441 F.3d at 634 (upholding reasonableness of sentence where district court considered § 3553(a) factors when setting conditions for supervised release, but not when imposing term of imprisonment). Notably, the court considered the seriousness of Miller's offense, the

-5-

need to punish and deter his criminal conduct, and the need for rehabilitation and incapacitation. See 18 U.S.C. § 3553(a)(1), (2)(A)-(C). For these reasons we conclude that Miller's sentence was not unreasonable.

Accordingly, we affirm the judgment of the district court.

_____