# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2093

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | *  Appeal from the United States |
| v. | *  District Court for the |
| | *  District of Minnesota. |
| Alexisus Jarmon Mosby, | * |
| | * |
| Appellant. | * |

_____

Submitted: January 15, 2008
Filed: September 16, 2008

_____

Before COLLOTON and SHEPHERD, Circuit Judges, and ERICKSON,[1] District Judge.

_____

ERICKSON, District Judge.

This is an appeal from Alexisus Jarmon Mosby's conviction for possession of a firearm by a convicted felon. Mosby's Guideline calculation included a four-level enhancement, which resulted in a lower sentencing range than would have resulted in the absence of the enhancement. At sentencing, the district court[2]

_____

[1]The Honorable Ralph R. Erickson, United States District Judge for the District of North Dakota, sitting by designation.

[2]The Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota.

departed upward to a sentence within the range that would have been applicable, absent the enhancement. The defendant appealed, asserting the sentence imposed is substantively unreasonable. We affirm the judgment of the district court.

## I.

In the summer of 2006, Mosby was spotted by Charles Greaves, a Minneapolis, Minnesota, police officer, outside a Minneapolis night club. Officer Greaves was responding to a report that a club patron had a gun. As Officer Greaves approached, Mosby began running. Officer Greaves gave chase. During the pursuit, Mosby threw a revolver under a vehicle. Mosby was ultimately apprehended and arrested by Officer Greaves.

This was not 24-year-old Mosby's first encounter with the law. Mosby's involvement with the criminal justice system began when he was 14 years old with several car thefts. Mosby's criminality continued as an adult, and his current history includes a 1999 felony conviction for theft of a motor vehicle, convictions in 2000 for felony possession of a controlled substance and misdemeanor trespassing, and a 2002 conviction for felony attempted possession of a controlled substance. In 2003, Mosby was convicted of three felonies: fleeing a police officer, theft of a motor vehicle, and felon in possession of a firearm.

Mosby was charged in a single-count indictment with unlawful possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Mosby proceeded to trial and was convicted by a jury.

During Mosby's sentencing hearing, the district court recognized that if a four-level enhancement were applied to Mosby's Guideline calculation under United States Sentencing Guideline (U.S.S.G.) § 2K2.1(b)(6) for his possession of a firearm in the 2003 felony fleeing and theft of a motor vehicle convictions, his sentencing range would ultimately be reduced. The court concluded the

enhancement was appropriate under our decision in <u>United States v. Davis</u>, 360 F.3d 901 (8th Cir. 2004), and applied it to Mosby's Guideline calculation.

The sentencing judge vocalized the absurdity of the result and questioned the validity of <u>Davis</u>. The United States moved for an upward departure. The court found that the resulting criminal history score substantially under-represented his history and failed to recognize the likelihood that he would commit other crimes. The court granted an upward departure and sentenced Mosby to 108 months imprisonment. Mosby appealed, arguing the court's upward departure under U.S.S.G. § 4A1.3 was improper.

**II**.

On appeal, a district court's sentence is reviewed for abuse of discretion. <u>Gall v. United States</u>, 128 S. Ct. 586, 597 (2007); <u>United States v. Miller</u>, 484 F.3d 968, 970 (8th Cir. 2007) (holding that sentencing departures are reviewed using the abuse-of-discretion standard). An appellate court's review is two-pronged:

> It must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence – including an explanation for any deviation from the Guidelines range. Assuming that the district court's sentencing decision is procedurally sound, the appellate court should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard.

<u>Gall</u>, 128 at 597. Although it appears that Mosby concedes the district court committed no procedural error and only questions the substantive reasonableness of the sentence, the United States challenges the Guideline calculation, specifically questioning the validity of <u>Davis</u>. Because it is apparent no other potential for

procedural error occurred in this case, our review on this prong will focus on the validity of <u>Davis</u> and the resulting four-level enhancement under § 2K2.1(b)(6).

## A.

<u>Davis</u> holds that the four-level enhancement under § 2K2.1(b)(6) for "possess[ing] any firearm or ammunition in connection with another felony offense" is applicable in relation to the commission of both contemporaneous and non-contemporaneous felonies. 360 F.3d at 903. Therefore, an individual who is sentenced under § 2K2.1 and possessed a firearm in connection with a felony committed years prior would be subject to the four-level enhancement. <u>Id.</u> In <u>Davis</u>, this resulted in an increased sentencing range. In the instant case, a lower sentencing range resulted from this application.

Mosby's criminal history included three convictions in 2003 for felony motor vehicle theft, fleeing, and felon in possession, all stemming from a single incident. In that case, a loaded, cocked gun "facilitated, or had the potential of facilitating" the theft and fleeing. <u>See</u> U.S.S.G. § 2K2.1 cmt. n.14(A). Under <u>Davis</u>, these charges are relevant conduct to the instant offense and trigger the four-level § 2K2.1(b)(6) enhancement. Applying the enhancement to Mosby's base offense level of 20 under § 2K2.1(a)(4)(A), the resulting offense level is 24. Because the 2003 convictions, as "relevant conduct," could not be scored for criminal history purposes, Mosby had eight criminal history points and was in category IV, with a sentencing range of 77 to 96 months.

Absent the enhancement, the 2003 convictions would be scoreable. The total offense level would have remained 24 under § 2K2.1(a)(2),[3] but Mosby's

_____

[3]The 2003 motor vehicle theft conviction is a "crime of violence" under § 2K2.1(a)(2) only if it is scoreable for criminal history purposes. U.S.S.G. § 2K2.1 cmt. n.10.

criminal history category would be VI after adding six additional points – three for the 2003 offenses, plus three for committing the instant offense while on probation and within two years of his release from the 2003 convictions. Thus, he would have had a sentencing range of 100 to 125 months.

The sentencing judge struggled with the application of the Guidelines under <u>Davis</u> but ultimately determined that the enhancement was applicable and the accurate sentencing range was 77 to 96 months. In <u>Davis</u>, we stated:

> Nothing in § 2K2.1(b)(5)[4] expressly precludes its application to a felony offense that occurred at a time and place distinct from the offense of conviction. . . . A plain reading [of Guideline language] here is consonant with the Guideline's far-reaching purpose of accounting for the increased risk of violence when those committing felonies possess firearms.
>
> . . . .
>
> [W]e do not agree that the relevant Guideline provisions are ambiguous. The phrase "felony offense" is elsewhere defined in § 2K2.1(b)(5), and use of the word "another" here does not admit of two reasonable interpretations.

<u>Davis</u>, 360 F.3d at 903 (citations omitted).

We conclude that the district court properly calculated the offense level and criminal history, consistent with the Guidelines and <u>Davis</u>. The resulting sentence is, therefore, procedurally sound.

---

[4]U.S.S.G. § 2K2.1(b)(5) was renumbered to § 2K2.1(b)(6) and remains substantively identical.

**B.**

Mosby challenges the substantive reasonableness of the sentence, characterizing the departure as one made "in response to the application of a provision which the district court determined applied, but with which it did not agree." Departures or variances based on disagreement with a provision are not necessarily forbidden. See Kimbrough v. United States, 128 S. Ct. 558, 573-74 (2007) (holding that a district court was permitted to grant a downward variance in a crack cocaine case based in part on its disagreement with the Guidelines' 100-to-1 ratio for crack to powder cocaine sentences). In this case, however, we do not interpret the court's actions as responsive to disagreement with the provisions.

When granting any departure, a sentencing judge "must give serious consideration to the extent of [the] departure from the Guidelines and must explain his conclusion that an unusually lenient or an unusually harsh sentence is appropriate in a particular case with sufficient justifications." Gall, 128 S. Ct. at 594. Upward departures under § 4A1.3(a) are applicable if "reliable information indicates the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." We have previously concluded that upward departures for inadequate criminal history may be reasonable when prior convictions could not be scored for purposes of determining a criminal history category. See United States v. Hill, 513 F.3d 894, 899 (8th Cir. 2008); Miller, 484 F.3d at 971.

Mosby's criminal history exhibits reckless disregard for the law and the safety of others. The 2003 convictions for fleeing, motor vehicle theft, and possession of a firearm stemmed from a single incident in which Mosby engaged the police in a car chase and leapt from a moving vehicle while carrying a loaded, cocked firearm. He was sentenced to 60 months imprisonment and had been

released for approximately one month when the instant offense occurred. As it imposed the sentence, the district court observed:

> Mr. Mosby has a lengthy criminal record. He has been convicted twice for auto theft. He has been convicted of drug crimes. He has been convicted of crimes involving guns. He has repeatedly committed crimes while on probation or parole. Indeed as [the prosecutor] pointed out, he committed this very crime, being a felon in possession of a firearm, while he was on probation from his last conviction for being a felon in possession of a firearm.

The court stated that criminal history category IV failed to reflect the seriousness of Mosby's criminal history or his risk of recidivism. Consequently, the court ruled that "[c]ategory VI accurately reflects the fact that Mr. Mosby is a repeat offender who has not been deterred from committing crime by his multiple convictions and jail sentences."

We conclude this sentence is substantively reasonable. The district court found that Mosby, a repeat offender, posed a high risk of recidivism and showed unwillingness or inability to obey conditions of probation or parole. See Hill, 513 F.3d at 899. That the court expressed its disagreement with the proper sentencing range is irrelevant. The Guidelines are advisory, and our review is limited to determining whether a sentence is reasonable. Gall, 128 S. Ct. at 594. We cannot conclude that the district court abused its discretion in departing above the advisory range.

**III.**

Therefore, we affirm.

_____