# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

───────────

No. 08-1873

───────────

United States of America,

        Plaintiff – Appellee,

    v.

Tyris Easley,

        Defendant – Appellant.

\*   Appeal from the United States
\*   District Court for the
\*   Northern District of Iowa.

\*   [PUBLISHED]

───────────

Submitted: February 9, 2009
Filed: February 19, 2009

───────────

Before BYE, JOHN R. GIBSON, and GRUENDER, Circuit Judges.

───────────

PER CURIAM.

Tyris Easley pleaded guilty to being a felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). At sentencing, the district court[1] applied a four-level enhancement under the U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 2K2.1(b)(6) for possession of a firearm in connection with another felony offense, and sentenced him to 70 months imprisonment followed by three years of supervised release. On appeal, Easley asserts the enhancement is erroneous

───────────

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

because it is based on a prior conviction unconnected to the instant offense. We affirm.

## I

In 2005, Easley was convicted in state court of possession of a controlled substance with intent to deliver while in possession of a firearm and carrying a weapon (the "2005 conviction"), and received a suspended sentence.

In 2006, when Easley was arrested by state authorities for sale and manufacture of a controlled substance, a consent search of his apartment revealed a gun box containing a loaded .25 caliber handgun clip and a box of .25 caliber ammunition. The gun box and ammunition were linked by serial number to the firearm that served the basis of his 2005 conviction.

Easley pleaded guilty to one charge of being a felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The presentence report determined an advisory guidelines range of 51-63 months. The government objected, arguing Easley should be assessed a four-level enhancement under U.S.S.G. § 2K2.1(b)(6) for possession of a firearm in connection with his 2005 conviction. The district court agreed Easley should be assessed a four-level enhancement, which raised the advisory guidelines range to 70-87 months, and sentenced Easley to 70 months imprisonment followed by three years of supervised release. This appeal followed.

## II

We review a district court's interpretation and application of the sentencing guidelines de novo. United States v. Zastrow, 534 F.3d 854, 856 (8th Cir. 2008).

Easley's appeal is foreclosed by <u>United States v. Davis</u>, 360 F.3d 901 (8th Cir. 2004). In <u>Davis</u>, we held a § 2K2.1(b)(5) enhancement, now renumbered as § 2K2.1(b)(6), <u>see</u> U.S.S.G. App. C, amend. 691, does not require the firearm used in another felony offense to be the same firearm as that serving the basis of the felon in possession offense, and applies even if the prior felony offense is temporally and spatially distinct from the instant offense. 360 F.3d at 902-04. Easley seeks to distinguish <u>Davis</u> on the grounds that he was not a felon at the time of his 2005 conviction, whereas Davis possessed the enhancement firearm after completing a federal prison term for bank robbery. This distinction, however, is unavailing. Section 2K2.1(b)(6) does not require a defendant to be a felon at the time of his possession of a firearm in connection with another felony offense in order for the four-level enhancement to apply. U.S.S.G. § 2K2.1(b)(6) ("If the defendant used or possessed any firearm or ammunition in connection with another felony offense . . ., increase by 4 levels.").

III

We affirm Easley's sentence.

_____