# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

—————

No. 10-3198

—————

United States of America,

      Appellee,

v.

Anton Lamont Burnes,

      Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  District of Minnesota.
\*
\*     [UNPUBLISHED]
\*

—————

Submitted: June 13, 2011
Filed: July 15, 2011

—————

Before LOKEN, BEAM, and GRUENDER, Circuit Judges.

—————

PER CURIAM.

The district court[1] sentenced Burnes to 110 months' imprisonment following Burnes's guilty plea to the charge of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Burnes appeals and challenges the substantive reasonableness of this sentence. We affirm.

---

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

## I.    BACKGROUND

On July 28, 2008, officers arrested Burnes based on a suspicion that he committed murder.  At the time of his arrest, he had a stolen 9-millimeter pistol hidden in his sock.  Burnes's past is wrought with unlawful behavior, beginning as a juvenile, that resulted in imprisonment and probation, among other punishments.

Burnes attempted to justify the instant offense by explaining to the court the events that led to his carrying the gun that night.  Burnes explained that it all started on May 31, 2008, when one person was killed and three others were wounded at a bar in St. Paul, Minnesota.  Burnes and his best friend Desmond Clark were accused by friends of the victims of being involved in the shooting.  Burnes heard rumors that people wanted him dead in retaliation for the victim's death.  Burnes and Clark received overt threats and Clark was later shot and killed on June 26, 2008.  Fearing for his life, Burnes went into hiding.  The night of his arrest, according to Burnes, was one of the rare times he ventured out and he only did so upon the urging of a friend who ended up being a police informant cooperating in the murder investigation.

Burnes pleaded guilty to the felon-in-possession charge but claimed that he was justified in carrying the firearm due to the life-threatening circumstances.  Using this reasoning in support, Burnes sought departures under United States Sentencing Guidelines § 5K2.11 (lesser harms policy statement) and § 5K2.12 (coercion and duress policy statement), and additionally asked for a below-range sentence under 18 U.S.C. § 3553(a).  Burnes's calculated Guidelines sentence was 120 months, the statutory maximum.  The district court varied downward and imposed a 110-month sentence followed by a three-year term of supervised release.  In doing so, the court rejected Burnes's justification argument and noted that it varied primarily due to Burnes's lengthy stay in Sherburne County jail, the court's belief that the four-level firearm enhancement is written and applied broadly, and Burnes's own history and characteristics.

## II.   DISCUSSION

On appeal, Burnes challenges the substantive reasonableness of his sentence and argues that his 110-month sentence is far greater than necessary under § 3553(a) to accomplish the goals of sentencing.  He further challenges the court's refusal to grant the requested departures as well as a firearm enhancement applied in the Guidelines calculation, which are procedural challenges.  We first "ensure that the district court committed no significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range." Gall v. United States, 552 U.S. 38, 51 (2007).  To the extent an asserted procedural error involves interpretation of the Guidelines, we review the district court's construction and application of the sentencing Guidelines de novo.  United States v. Cordy, 560 F.3d 808, 817 (8th Cir.), cert. denied, 130 S. Ct. 271 (2009).  Next, we consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard.  United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc).  "If the sentence is within the Guidelines range, the appellate court may, but is not required to, apply a presumption of reasonableness." Gall, 552 U.S. at 51.  In the end, even if the appellate court might reasonably conclude that a different sentence is appropriate, it is insufficient to justify reversal of the district court.  Id.

Burnes's argument that the district court should have granted the departures Burnes sought is nearly unreviewable on appeal.  "[W]e will generally not review a decision not to grant a downward departure unless the district court had an unconstitutional motive or erroneously thought that it was without authority to grant the departure." United States v. Heath, 624 F.3d 884, 888 (8th Cir. 2010) (quotation omitted), cert. denied, 131 S. Ct. 2164 (2011).  Burnes makes no claim that the district court had an unconstitutional motive or that it believed it was without authority to grant Burnes's requests.

Burnes's challenge to the firearm enhancement is also foreclosed. Here, Burnes challenges the court's application of the four-level enhancement for use of any firearm in connection with another felony offense, claiming that even though he had used a firearm in connection with two prior second-degree assault convictions, he did not use the exact *same* firearm in those prior crimes and so the enhancement should not have applied. Our circuit precedent is directly contrary. United States v. Easley, 557 F.3d 591, 593 (8th Cir. 2009) (holding that a § 2K2.1(b)(6) enhancement does not require the firearm used in another felony offense to be the same firearm as that serving the basis of the felon-in-possession offense).

Finally, even though Burnes's briefing adeptly describes the wide latitude afforded sentencing courts today, it falls short of recognizing the great limitations on appellate courts reviewing the sentences imposed. There was no abuse of discretion here. Indeed, as the government repeatedly points out, Burnes actually received the very sentence he asked for–a sentence less than 120 months. See United States v. Mickelson, 433 F.3d 1050, 1056 (8th Cir. 2006) (holding that because the defendant had requested a within-Guidelines sentence, he essentially acknowledged that any sentence within the range would have been reasonable, foreclosing any argument on appeal to the contrary). Even addressing Burnes's argument head-on, that the district court did not account for Burnes's "justification" in carrying this gun to vary downward was certainly not an abuse of discretion.

## III.   CONCLUSION

For the reasons stated herein, we affirm.

_____