13-2346-cv(L)
Bild v. Weider v. Konig

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of May, two thousand fourteen.

PRESENT:  AMALYA L. KEARSE,
　　　　　　RAYMOND J. LOHIER, JR.,
　　　　　　SUSAN L. CARNEY,
　　　　　　　　*Circuit Judges.*

-----------------------------------------------------------------

RAFAEL BILD,

　　　　　　*Plaintiff-Appellee-Cross-Appellant-*
　　　　　　*Cross-Appellee,*

　　　　　　　　v.　　　　　　　　　　　Nos. 13-2346-cv(L); 13-2718
　　　　　　　　　　　　　　　　　　　-cv(CON); 13-2511-cv(XAP);
　　　　　　　　　　　　　　　　　　　13-2778-cv(XAP); 13-2990-cv
　　　　　　　　　　　　　　　　　　　(XAP)

ABRAHAM WEIDER,

　　　　　　*Defendant-Cross-Defendant-*
　　　　　　*Appellant,*

　　　　　　　　v.

MICHAEL KONIG,

*Defendant-Cross-Claimant-Cross-Appellee-Cross-Appellant.*[*]

---------------------------------------------------------------

FOR APPELLEE-CROSS-APPELLANT-CROSS-APPELLEE BILD:

JONATHAN E. MINSKER, Sarmad M. Khojasteh, Kasowitz, Benson, Torres & Friedman LLP, New York, NY (Daniel K. Bandklayder, Miami, FL, *on the brief*).

FOR APPELLANT WEIDER:

SUSAN GAIL KELLMAN, ESQ., Brooklyn, NY (Joseph Zelmanovitz, Stahl & Zelmanovitz, New York, NY, *on the brief*).

FOR CROSS-APPELLEE-CROSS-APPELLANT KONIG:

SETH EISENBERGER, ESQ., Brooklyn, NY (Frederick R. Gruen, Gruen & Goldstein, Union, NJ, *on the brief*).

Appeals from a judgment of the United States District Court for the Eastern District of New York (Allyne R. Ross, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED in part and VACATED and REMANDED in part.

Appellant Abraham Weider appeals from (1) a May 15, 2013 opinion and order in which the District Court concluded that equitable estoppel prevented Weider from asserting a statute of limitations defense to Rafael Bild's claims

---

[*] The Clerk of the Court is directed to amend the caption of this case as set forth above.

stemming from a 1998 loan from Bild to Weider, and (2) a June 20, 2013 opinion and order holding that Bild was entitled to annual interest payments following acceleration of the debt as well as prejudgment interest on those interest payments. Appellee-cross-appellant-cross-appellee Bild appeals from the District Court's February 25, 2013 grant of summary judgment in favor of defendant Michael Konig, in which the District Court held that no reasonable factfinder could conclude that Bild learned of a March 2007 agreement between Weider and Konig before it was superseded by a May 2007 agreement. In his conditional cross-appeal, Konig argues that Bild was not a third-party beneficiary of the March 2007 agreement. We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm in part and vacate and remand in part.

### 1. Weider's Appeal

Weider contends that he should not be equitably estopped from arguing that Bild's claims with respect to the 1998 loan are time barred. "Under New York law, the elements of equitable estoppel are with respect to the party estopped: (1) conduct which amounts to a false representation or concealment of material facts; (2) intention that such conduct will be acted upon by the other party; and (3) knowledge of the real facts. The parties asserting estoppel must show with respect to themselves: (1) lack of knowledge and of the means of knowledge of the true facts; (2) reliance upon the conduct of the party to be estopped; and (3) prejudicial changes in their positions." In re Vebeliunas, 332 F.3d 85, 93-94 (2d Cir. 2003). In advancing this argument Weider challenges the District Court's detailed factual findings, made after a two-day bench trial, that Weider intentionally and repeatedly made false statements reassuring Bild that

3

the loan would be repaid in order to dissuade Bild from commencing legal action, and that Bild relied on those statements. We are not allowed to second-guess the factfinder's credibility assessments, and "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." Anderson v. Bessemer City, 470 U.S. 564, 573-74 (1985). We identify no clear error with respect to those findings. We also agree with the District Court that the "unclean hands" doctrine does not bar the application of equitable estoppel because Bild's alleged "unconscionable act" of tax avoidance did not injure Weider. See PenneCom B.V. v. Merrill Lynch & Co., Inc., 372 F.3d 488, 493 (2d Cir. 2004).

Weider also attacks the ruling after trial by arguing that the District Court abused its discretion in denying Weider's speculative discovery request for Bild's post-1999 tax records and in precluding privileged testimony from Bild's attorney. We reject these arguments for substantially the reasons set forth in the District Court's order dated April 6, 2012 and its ruling on motions in limine at the April 10, 2013 hearing.

Weider next argues that the District Court erred in awarding Bild interest payments after the debt's acceleration in 2003 and in awarding prejudgment interest on those payments. Weider's arguments are foreclosed by NML Capital v. Republic of Argentina, 17 N.Y.3d 250 (2011), in which the New York Court of Appeals held that language in a contract establishing specific dates for continuing interest payments until the loan is repaid provides the lender a right to interest payments post-acceleration as well as the corresponding prejudgment interest on those payments. Id. at 254, 266.

Accordingly, we affirm the District Court's judgment with respect to Weider.

4

## 2. Bild's Cross-Appeal

On cross-appeal, Bild argues that the District Court erred in granting summary judgment in Konig's favor. We agree. The District Court held that no reasonable factfinder could conclude that Bild learned of a March 2007 agreement between Weider and Konig prior to a superseding May 2007 agreement. On appeal, both parties embrace the general legal principle, reflected in the Restatement [Second] of Contracts, that the power to "discharge or modify" an agreement "terminates when the beneficiary, before he receives notification of the discharge or modification, materially changes his position in justifiable reliance on the promise or brings suit on it or manifests assent to it at the request of the promisor or promisee." Restatement [Second] of Contracts §§ 311(2), (3). It is true that during his deposition in discovery Bild initially testified that he could not remember the year in which he learned of the March 2007 agreement. But after being shown the agreement, Bild testified that he learned of the agreement "near" March 2007. Drawing all factual inferences in favor of Bild, Steel Inst. of New York v. City of New York, 716 F.3d 31, 33 (2d Cir. 2013), a reasonable factfinder could credit Bild's testimony and also find that the term "near" means fewer than seven weeks (and therefore before the May 2007 agreement). "A factfinder of course would not be required to draw inferences favorable to [Bild]; however, where . . . the factfinder would be permitted to do so, this Court in reviewing summary judgment must do so," Stern v. Trustees of Columbia Univ., 131 F.3d 305, 313-14 (2d Cir. 1997), as must the District Court in ruling on a summary judgment motion, see id. at 312. In opposing Bild's cross-appeal, Konig argues that we may nevertheless affirm on the ground that the March 2007 agreement was unenforceable because Weider never signed it. The record prevents us from affirming on that basis. Abraham Roth, an arbitrator,

5

testified that he received signed copies of the agreement from both Weider and Konig. If credited, his testimony would support a reasonable factfinder's conclusion that Weider and Konig entered into the March 2007 agreement. See Rule v. Brine, Inc., 85 F.3d 1002, 1010 (2d Cir. 1996).

### 3. Konig's Conditional Cross-Appeal

As part of his conditional cross-appeal, Konig also argues that Bild was not a third-party beneficiary of the March 2007 agreement. The March 2007 agreement states: "W[ei]der and Konig both acknowledge the outstanding loan given by [Bild] . . . for [$3 million]. . . . Konig agrees to fully satisfy the [$3 million] outstanding loan." Ordinarily, such a "contractual requirement that the promisor render performance directly to the third party shows an intent to benefit the third party." Subaru Distributors Corp. v. Subaru of Am., Inc., 425 F.3d 119, 124 (2d Cir. 2005). Konig has cited no authority to support his arguments that the incorporation of a confidentiality clause or the existence of an inurement clause alone operates to preclude third-party beneficiary status in these circumstances. See Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC, 692 F.3d 42, 53-55 (2d Cir. 2012) (concluding that parties to a contract requiring defendant to manage funds in favor of noteholders plausibly intended that the contract benefit the third-party noteholders where the beneficiaries clause did not "unambiguously exclude[] any intent to benefit the [n]oteholders"). Konig is free to make such an argument, citing authority, in the proceedings on remand.

Accordingly, we vacate the District Court's judgment with respect to Konig and remand for proceedings consistent with this order. This order does not foreclose the possibility that the District Court may grant summary judgment in favor of Konig on a basis other than failure to adduce any proof of reliance.

6

We have considered the remaining arguments by Weider and Konig on appeal and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED with respect to Weider and VACATED and REMANDED with respect to the grant of summary judgment in Konig's favor. Costs are awarded to Bild against Weider on the appeals by Weider. As to the cross-appeal by Bild and the conditional cross-appeal by Konig, no costs are awarded at this time. Following adjudication of the merits of Bild's claim against Konig, the District Court may award the prevailing party the costs of these cross-appeals.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court