# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-1871

_____

United States of America,

*Plaintiff - Appellee,*

v.

Deonte L. Paul,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: April 19, 2019
Filed: August 7, 2019

_____

Before COLLOTON, GRUENDER, and ERICKSON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Deonte Paul appeals a 48-month sentence imposed by the district court[1] after Paul pleaded guilty to unlawful possession of a firearm while under felony indictment in state court. *See* 18 U.S.C. §§ 922(n), 924(a)(1)(D). We reject Paul's claim that the

---

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

court made a procedural error in calculating the advisory sentencing guideline range, and we affirm the judgment.

The dispute concerns a four-level increase under USSG § 2K2.1(b)(6) for using or possessing a firearm "in connection with another felony offense." Paul's conviction arose from his possession of a firearm on May 9, 2017, when bail bondsmen tracked him down to execute an outstanding warrant for domestic abuse. At sentencing, the district court found that Paul had used a firearm in connection with other felonies in January and March 2017, and applied the four-level increase on that basis. Paul complains that the court improperly considered these earlier incidents. We review the district court's construction and application of the sentencing guidelines *de novo*, and we review its factual findings for clear error. *United States v. Houston*, 920 F.3d 1168, 1174 (8th Cir. 2019).

The legal framework that governs the issue is set forth in the guideline on firearms offenses, § 2K2.1, and the "relevant conduct" guideline, § 1B1.3. Commentary to § 2K2.1 provides that in determining whether the four-level increase applies, "the court must consider the relationship between the instant offense and the other offense, consistent with relevant conduct principles." USSG § 2K2.1, comment. (n.14(E)). Those principles provide that a firearms defendant is accountable for his "acts and omissions . . . that were part of the same course of conduct or common scheme or plan as the offense of conviction." *Id.* § 1B1.3(a)(2). Thus, the commentary to the firearms guideline specifies that "the threshold question for the court is whether the two unlawful possession offenses . . . were 'part of the same course of conduct or common scheme or plan.'" *Id.* § 2K2.1, comment. (n.14(E)(ii)) (quoting *id.* § 1B1.3(a)(2)). This commentary post-dates our decision in *United States v. Davis*, 360 F.3d 901 (8th Cir. 2004), and explains the guideline provision in § 2K2.1 that *Davis* considered through the lens of § 1B1.3(a)(4), but accords with *Davis*'s holding that the four-level increase may apply based on "a

felony offense that occurred at a time and place distinct from the offense of conviction." *Id.* at 903.

The relevant facts involve two domestic assaults that Paul committed against separate women with whom Paul had fathered children. In January 2017, while awaiting trial on state felony charges in Missouri, Paul threatened the mother of one of his children while holding a black gun. During the incident, Paul held the gun in the air and told the woman: "You don't want this problem. You don't know what I'll do." Just over two months later, while carrying a silver handgun, Paul broke into the home of another woman, pushed her to the floor, screamed, and demanded that she give him their child. Displaying a firearm in an angry or threatening manner in the presence of another person constitutes a felony under Missouri law. *See* Mo. Rev. Stat. §§ 571.030.1(4), .8(1).

At sentencing, the district court found that the two incidents were "an integral part of the course of conduct that relates to Mr. Paul's unlawful possession of the firearm while under indictment." On that basis, the court found that Paul used a firearm "in connection with another felony offense," and increased his offense level by four levels under § 2K2.1(b)(6).

Paul maintains that the incidents in January and March were not part of the "same course of conduct" as his unlawful possession of a firearm in May. In deciding whether offenses are part of the same course of conduct, we consider "the degree of similarity of the offenses, the regularity (repetitions) of the offenses, and the time interval between the offenses. When one of the above factors is absent, a stronger presence of at least one of the other factors is required." USSG § 1B1.3, comment. (n.5(B)(ii)).

We conclude that there was no error. The three offenses established a pattern of regularity, occurred within a four-month period, and similarly involved unlawful

-3-

possession of a firearm while under indictment. Paul argues that his instant offense was dissimilar to the previous incidents because he did not display the firearm in an angry or threatening manner when arrested in May. But the three offenses need not be identical to establish a course of conduct, and they were sufficiently similar to warrant the enhancement in light of the regularity of the offenses and the short time intervals between them.

The judgment of the district court is affirmed.

———————————————