**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 7, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

GEOFFREY L. RASHAW-BEY,

      Petitioner - Appellant,

v.

FEDERAL BUREAU OF PRISONS;
C. CHESTER, Warden,

      Respondents - Appellees.

No. 09-3033

(D. Kansas)

(D.C. No. 5:09-CV-03001-RDR)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **MURPHY**, and **McCONNELL**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Geoffrey L. Rashaw-Bey, a federal prisoner proceeding pro se, appeals

from an order of the United States District Court for the District of Kansas

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

dismissing his 28 U.S.C. § 2241 habeas corpus petition. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, this court **affirms** the district court's order of dismissal.

A federal jury in the Western District of Missouri convicted Rashaw-Bey on two counts of being a felon in possession of a firearm and one count of possessing an unregistered firearm. The district court sentenced Rashaw-Bey to a term of imprisonment of 360 months. The Eighth Circuit affirmed. *United States v. Rashaw*, 170 F. App'x 986, 986-87 (8th Cir. 2006). Rashaw-Bey then filed a motion for relief pursuant to 28 U.S.C. § 2255 in the Western District of Missouri. After that court denied relief, the Eighth Circuit denied Rashaw-Bey's request for a certificate of appealability and dismissed his appeal.

In January of 2009, while incarcerated at the Federal Correctional Institution in Leavenworth, Kansas, Rashaw-Bey filed the instant § 2241 petition in the United States Court for the District of Kansas. In his § 2241 petition. Rashaw-Bey attacked the validity of both his convictions and sentences. The district court dismissed Rashaw-Bey's petition, concluding the proper remedy was for Rashaw-Bey to file a § 2255 motion in the Western District of Missouri. *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Rashaw-Bey appeals.

Upon de novo review of the record and Rashaw-Bey's appellate brief, *id.*, this court concludes the district court was correct in dismissing Rashaw-Bey's § 2241 petition. A § 2241 petition is not the proper means to raise the claims set

out by Rashaw-Bey. Instead, unless it is inadequate or ineffective, a § 2255 motion in the Western District of Missouri is the exclusive remedy for Rashaw-Bey to challenge his conviction and sentence. Rashaw-Bey has not, however, established the inadequacy or ineffectiveness of a § 2255 motion.[1] The mere fact Rashaw-Bey has been denied relief under § 2255 does not establish that statutory remedy is inadequate or ineffective. *Id.* Likewise, that he may be precluded from filing a second § 2255 motion does not establish that statutory remedy is inadequate or ineffective. *Caravalho v. Pugh*, 177 F.3d 1177, 1179 (10th Cir.1999). Accordingly, the district was correct to dismiss Rashaw-Bey's § 2241 petition.

The order of the United States District Court for the District of Kansas dismissing Rashaw-Bey's § 2241 petition is hereby **AFFIRMED**.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge

---

[1]Rashaw-Bey's brief on appeal does not even address the issue of the adequacy or effectiveness of a § 2255 motion. Instead, he merely addresses the merits of the claims he seeks to raise in his § 2241 petition.