# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3139

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff – Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota. |
| Johnny Lunderman, also known as | * | |
| Johnny Iron Horse, | * | |
| | * | [UNPUBLISHED] |
| Defendant – Appellant. | * | |

_____

Submitted: March 8, 2010
Filed:  March 15, 2010

_____

Before MURPHY, JOHN R. GIBSON, and RILEY, Circuit Judges.

_____

PER CURIAM.

Johnny Lunderman pled guilty to engaging in sexual intercourse with a girl who was between the ages of 12 and 16 years old and at least four years his junior, in violation of 18 U.S.C. § 2243(a).  The district court[1] imposed a 40 month prison sentence, a three month upward variance from the advisory sentencing guideline range.  On appeal Lunderman challenges his sentence as unreasonable.  We affirm.

_____

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

The district court calculated Lunderman's advisory guideline range to be 30 to 37 months based on a criminal history category of III and total offense level of 17, including a two level enhancement under U.S.S.G. § 3C1.1 for obstruction of justice. That enhancement was based on the court's conclusion that Lunderman had "lied to a federal officer repeatedly . . . knowingly and intentionally" by explaining to the FBI on two occasions that he and the victim had not engaged in sexual relations but had merely shook hands and hugged. The court also noted that Lunderman had struck and fled from the police officer who first attempted to arrest him in connection with the instant offense.

The district court touched on the statutory sentencing factors in 18 U.S.C. § 3553(a). It discussed Lunderman's criminal history, which included an extensive juvenile record, and his failure to reform after previous custodial and probationary sentences. It concluded that "[t]he circumstances of the offense and the relevant conduct justify an upward variance," and added three months to the advisory maximum "for [Lunderman's] conduct of assaulting a federal officer and fleeing."

We review the sentence imposed for both procedural error and substantive reasonableness under a deferential abuse of discretion standard. Gall v. United States, 552 U.S 38, 51 (2007). In determining whether the district court imposed a substantively unreasonable sentence, we "must give due deference to [its] decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Id. Lunderman argues that his sentence is unreasonable because it was based in part upon his juvenile record and because the district court "double counted" his assault of the officer by considering it in both applying an obstruction of justice enhancement and an upward variance. We disagree.

The district court did not procedurally err, for it properly calculated the guideline range, treated it as advisory, considered the § 3553(a) factors, and adequately explained the sentence. See id. Nothing precluded the court from considering Lunderman's juvenile record. 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a

person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."); see also United States v. Miller, 484 F.3d 968, 970–71 (8th Cir. 2007) (finding no error in consideration at sentencing of defendant's juvenile record). The assault was one of two incidents which the court considered in applying an obstruction enhancement and that did not preclude the court from determining that a guideline sentence would inadequately reflect Lunderman's history and characteristics and the purposes listed in §3553(a). The district court did not abuse its discretion in concluding that "the § 3553(a) factors, on a whole, justif[ied] the extent of the variance." See Gall, 552 U.S at 51.

Accordingly, the judgment of the district court is affirmed.

_____