# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 08-3361

———————

United States of America,

        Appellee,

v.

Moises Gonzalez,

        Appellant.

        \* Appeal from the United States
        \* District Court for the
        \* Northern District of Iowa.

———————

Submitted: May 15, 2009
Filed: July 20, 2009

———————

Before RILEY, SMITH, and COLLOTON, Circuit Judges.

———————

SMITH, Circuit Judge.

Pursuant to a plea agreement, Moises Gonzalez pleaded guilty to conspiracy to distribute and possess with intent to distribute 500 grams or more of mixed methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. At sentencing, the district court[1] applied an upward departure for underrepresentation of Gonzalez's criminal history, yielding an advisory Guidelines range of 360 months' to life imprisonment. After granting the government's U.S.S.G. § 5K1.1 motion for a sentence reduction based on substantial assistance and denying Gonzalez's request for

---

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

a downward variance, the district court, using a starting point of 390 months' imprisonment, sentenced Gonzalez to 260 months' imprisonment. On appeal, Gonzalez asserts that his sentence is unreasonable, arguing that the district court erred by upwardly departing on its own motion and denying his motion for a downward variance. We affirm.

## I. *Background*

Gonzalez was charged in a three-count indictment with (1) conspiracy to distribute and possess with intent to distribute 500 grams or more of mixed methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 ("Count 1"); (2) distribution and aiding and abetting the distribution of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 18 U.S.C. § 2 ("Count 2"); and (3) distributing and aiding and abetting the distribution of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 18 U.S.C. § 2 ("Count 3"). Gonzalez pleaded guilty, pursuant to a plea agreement, to Count 1 of the indictment.

The presentence investigation report (PSR) detailed Gonzalez's criminal history, reporting that Gonzalez had a subtotal of eight criminal history points. But because only a maximum of four points may be assessed under U.S.S.G. § 4A1.1(c), the PSR adjusted Gonzalez's criminal history score to four points. Only Gonzalez's convictions for possession of marijuana, possession of marijuana (second offense), operating a vehicle without owner's consent, and second degree harassment were counted in his criminal history score. His convictions for simple assault, a violation of a no contact order, domestic abuse assault, assault, and another violation of a no contact order were *not* counted in his criminal history score. Because Gonzalez committed the instant offense while he was on probation for his conviction for second degree harassment, the PSR added two points to his criminal history pursuant to U.S.S.G. § 4A1.1(d). A total of six criminal history points produced a category III criminal history.

The PSR also reported that Gonzalez's criminal history included violations of probation and court orders, false reports to law enforcement, and crimes against persons involving assaultive behavior.

With regard to "Factors That May Warrant Departure," the PSR stated:

> A review of the defendant's criminal history reflects a steady pattern of criminal conduct, which includes but is not limited to controlled substance and assault-related convictions. The defendant's pattern of criminal behavior may be an indicator of future behavior and as a result, U.S.S.G. § 4A1.3 directs if the defendant's criminal history category significantly under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, the Court may consider imposing a sentence departing from the otherwise applicable guideline range. Presentation of information in this section does not necessarily constitute a recommendation by the probation officer for a departure.

Gonzalez filed an objection to this paragraph of the PSR.

The PSR set Gonzalez's total offense level at 39, with a criminal history category III, for an advisory Guidelines range of 324 to 405 months' imprisonment. At sentencing, the parties agreed on this range.

The district court notified the parties that it was contemplating an upward departure for underrepresentaion of criminal history pursuant to U.S.S.G. § 4A1.3. The district court prepared a chart ("Court's Exhibit 1") of Gonzalez's criminal history to explain the appropriateness of an upward departure. Gonzalez did not object to Court's Exhibit 1. The district court described Court's Exhibit 1 and how it was prepared as follows:

And what I did is I just went through the presentence report, and it helps me kind of visualize it in a different way. And I looked at the age of the defendant, and then I have two categories: Scored offenses and unscored offenses. And he had 8 unscored offenses, and except when he was 22 year[s] old and 24 years old, he's had an offense in every year. And in most years he's had multiple offenses, either scored or unscored, and it's just another kind of visual way of looking at the defendant's criminal history.

And the question I have for counsel given the fact that the defendant's criminal history is what it is, why isn't it substantially underrepresented at a criminal history category 3? I mean, he's been about as recidivist an offender—he has 16 convictions, and I didn't even bother to separate out—I'm sure some of those were multiple charges. Let me just take a look. Sure. Some of the paragraphs have multiple charges.

Paragraph 45 has multiple charges. Paragraph 49 has multiple charges. Paragraph 51 has multiple charges. So I didn't even take into consideration the multiple nature of the charges. Paragraph 58, again, multiple charges. You know, probably half the paragraphs it seems there are multiple charges. Paragraph 60, multiple charges. So I didn't even take that into consideration.

The district court then asked counsel to address certain aspects of Gonzalez's criminal history, stating:

I'd also like the parties to take note of the following paragraphs that indicate some degree of violence in the defendant's criminal history: Paragraph 45, paragraph 46, paragraph 52, paragraph 53, and paragraph 58. So that's one, two, three, four, five. There's five instances where in my view the defendant engaged in some degree of violent behavior to more or lesser degrees. But I think that's significant too. So while these were misdemeanors, they were also misdemeanors where the defendant engaged in some degree of violence.

The district court then applied the upward departure, stating:

I am going to depart upward because I find that there's reliable information in the presentence report concerning the defendant's criminal history and that the defendant's criminal history is substantially underrepresented based on the likelihood that the defendant will commit other crimes because of largely what's in the chart that I've provided the parties. I mean, he's a recidivist offender who's committed at least 16 criminal offenses between the ages—between the age of 17 and 26. It's more than that because several of the offenses involved multiple violations, and I didn't add that on.

But this defendant's criminal history in my view substantially underrepresents itself at a criminal history category 3 because of the likelihood the defendant will commit other crimes.

And so I'm going to depart upward one criminal history from a criminal history category 3 to a criminal history category 4. And I believe total offense level 39 with a criminal history category 4 changes his guideline range from 324 to 405 to now 360 to life.

The government made a substantial assistance motion pursuant to U.S.S.G §5K1.1and recommended a 20 percent downward departure. Gonzalez requested that the district court grant more than a 20 percent departure for his cooperation and use a starting point of 360 months. The district court explained its reasons for using a starting point of 390 months, stating:

I'm going to pick 390 months as a starting point. I might add I didn't add it when I did the upward departure for underrepresentation of criminal history, but the defendant was at the high end of 6 points of a criminal history category 3. And so I did not do much of an upward departure for underrepresentation of criminal history because I essentially only moved him up one point to a 7 which would be a criminal history category 4.

The district court then reduced the sentence of 390 months by a third, resulting in a sentence of 260 months.

The district court next addressed Gonzalez's motion for a downward variance. Gonzalez argued in his sentencing memorandum that consideration of the 18 U.S.C. § 3553(a) factors warranted a downward variance. Gonzalez contended that a 15 percent variance should be granted to make his sentence more in line with his codefendants who had been sentenced to an average of 113 months. The government requested that the district court deny Gonzalez's motion for a downward variance because of his criminal history, his role enhancement, and his use of a deadly weapon when he used a knife during a controlled buy. The court denied Gonzalez's request for a downward variance, explaining:

> With regard to the defendant's request for a downward variance pursuant to Title 18 United States Code Section 3553(a), I think there are some factors that would warrant a downward variance. Those factors include the physical abuse from the father, the emotional abuse from the mother, the effect of the divorce, the absence of the father in the defendant's life, of the general lack of parental support.
>
> However, there are other factors that in my view outweigh the downward variance, and that would be the nature and circumstances of the offense, particularly the fact that the defendant threatened to stab a confidential informant with a knife. I want to double-check that paragraph. I think I said before he stabbed him. I think it was a threat. That would be paragraph 23. Yeah, the defendant tried to rob the confidential informant by threatening to stab him with a knife. That's a very serious matter.
>
> Then you have the defendant's gang affiliation, his assaultive behavior and his criminal history, his allowing children to be born—I mean, his kind of enabling children to be born that tested positive for methamphetamine in that kind of an environment, losing his children because of the poor environment. I think all of those factors outweigh a variance motion in the case.

And so if I look at the nature and circumstances of the offense and history and characteristics of the defendant, I don't see anything that justifies a downward variance. I think the sentence that I'm about to impose meets all of the sentencing requirements of 3553(a)(2). And I don't think any of the rest of the factors come into play.

I don't think there's any unwarranted sentencing disparity here. Matter of fact, I think if you look at the difference in the total offense levels, that takes care of all the disparity in the case. And so there's not any unwarranted sentencing disparity between this defendant and Amie Marie Aguirre. And so I don't find any of the Title 18, 3553(a) factors justify a downward variance in this case.

## II. *Discussion*

On appeal, Gonzalez asserts that the district court abused its discretion (1) by finding that Gonzalez's criminal history was underrepresented and departing upward to a criminal history category IV and (2) in denying Gonzalez's request for a downward variance.

## A. *Upward Departure*

According to Gonzalez, the district court abused its discretion in upwardly departing because he had never been previously convicted of a felony, nor been given any leniency; instead, he had a history of minor convictions of which he spent an average of one day in jail per offense. Additionally, he notes that although the district court may consider his prior arrests if the PSR sets forth specific facts underlying the arrests, the relevant facts are not known on the majority of his prior convictions, meaning that the district court should not have considered them.

In response, the government argues that the district court did not abuse its discretion by upwardly departing because the evidence at the sentencing hearing established by a preponderance of the evidence that Gonzalez's criminal history was underrepresented and showed a likelihood of recidivism. The government points out

that (1) only four criminal history points were counted, even though Gonzalez had a subtotal of eight criminal history points; (2) Gonzalez's criminal history included assaultive behavior; and (3) Gonzalez was on probation for second degree harassment when he committed the instant offense.

Gonzalez's argument that the district court abused its discretion in upwardly departing is essentially an allegation that the district court committed a procedural error in sentencing. *See United States v. Azure*, 536 F.3d 922, 930 (8th Cir. 2008). "We review the sentence for reasonableness." *Id*. This type of review

> requires us to first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence— including an explanation for any deviation from the Guidelines range. This list of potential procedural errors is not exhaustive, and other procedural errors may be considered, as well.

*Id*. (internal quotations and citations omitted). If we conclude that the decision is "'procedurally sound,' we then review the 'substantive reasonableness of the sentence,' applying an abuse-of-discretion standard and considering the totality of the circumstances." *Id*. (quoting *Gall v. United States*, 128 S. Ct. 586, 597 (2007)).

In *Gall*, the "Court made clear that the Guidelines remain 'the starting point and the initial benchmark' in reviewing a sentence." *Id*. (quoting *Gall*, 128 S. Ct. at 596). Therefore, we begin our discussion "with the district court's upward departure from criminal history category [III] to category [IV] pursuant to [U.S.S.G.] § 4A1.3." *Id*. "We review traditional departures from the advisory Guidelines range for abuse of discretion." *Id*.

According to § 4A1.3(a)(1), a court may upwardly depart if "reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." When imposing an upward departure, the district court "first must proceed along the criminal history axis of the sentencing matrix, comparing the defendant's criminal history with the criminal histories of other offenders in each higher category." *United States v. Walking Eagle*, 553 F.3d 654, 657 (8th Cir. 2009) (internal quotations and citation omitted). But the district court need not engage in a "ritualistic exercise" in which it "mechanically discusses each criminal history category it rejects en route to the category that it selects." *Id.* (internal quotations and citations omitted). In determining whether to upwardly depart, the district court may rely on, and accept as true, the factual allegations in the PSR if the defendant does not object to "a specific factual allegation." *United States v. Vasquez*, 552 F.3d 734, 739 (8th Cir. 2009) ("Vasquez made only a blanket objection to the factual statements appended to the criminal history entries in the PSR. To preserve an objection to any of the PSR factual statements, Vasquez should have made an objection to a specific factual allegation.").[2]

"When contemplating and structuring such a departure, the district court should consider both the nature and extent of a defendant's criminal history." *Walking Eagle*, 553 F.3d at 657 (internal quotations and citation omitted). "In deciding the likelihood that a defendant may commit other crimes, a court may take into account any evidence of obvious incorrigibility and conclude that leniency has not been effective." *Id.* (internal quotations, alterations, and citations omitted). A defendant's recidivism is a reasonable basis for applying an upward departure. *See United States v. Donelson*, 450 F.3d 768, 774 (8th Cir. 2006) ("In light of the severity of Donelson's juvenile offenses

---

[2]Gonzalez did not object to the criminal history scoring or underlying facts in the PSR but only objected to ¶ 110 of the PSR regarding the factors warranting an upward departure due to underrepresentation of criminal history. Therefore, the district court was permitted to accept as true the factual statements in the PSR.

and his subsequent recidivism, we conclude that the district court's alternate basis for departure was also reasonable."). Thus, the district court may properly consider whether a defendant has "prior convictions for the same type of offense." *United States v. Carey*, 898 F.2d 642, 646 (8th Cir. 1990). And, the district court may take into account whether the defendant "repeatedly committed crimes while on probation or parole" and whether the instant offense was committed "while [the defendant] was on probation from his last conviction." *United States v. Mosby*, 543 F.3d 438, 442 (8th Cir. 2008). Moreover, this court has "previously concluded that upward departures for inadequate criminal history may be reasonable when prior convictions could not be scored for purposes of determining a criminal history category." *Id.*

"After reviewing the record, we are satisfied the district court considered the appropriate factors and gave an adequate explanation for its decision to impose an upward departure." *Vasquez*, 552 F.3d at 739. First, Gonzalez was not assessed criminal history points for his convictions for simple assault, a violation of a no contact order, domestic abuse assault, assault, and another violation of a no contact order. The district court's consideration of these unscored prior convictions was reasonable. *See Mosby*, 543 F.3d at 442.

Second, the district court accurately described Gonzalez as a "recidivist offender who's committed at least 16 criminal offenses between the ages—between the age of 17 and 26." *See Donelson*, 450 F.3d at 774. Consideration of these 16 offenses, even those offenses that were minor and dissimilar to the instant offense, demonstrate Gonzalez's "obvious incorrigibility" and indicate that "leniency has not been effective." *See Walking Eagle*, 553 F.3d at 657. And, the district court could appropriately weigh the fact that Gonzalez had two prior convictions involving controlled substances—possession of marijuana and possession of marijuana (second offense)—as those prior convictions are similar in kind to the instant offense. *See Carey*, 898 F.2d at 646.

Third, Gonzalez committed the instant offense while he was on probation for his conviction for second degree harassment. Additionally, the PSR[3] indicates that Gonzalez had numerous violations of probation and court orders. Such factors weigh in favor of the district court's decision to upwardly depart. *See Mosby*, 543 F.3d at 442.

Accordingly, we hold that the district court did not abuse its discretion in departing upward to a criminal history category IV.

### B. *Denial of Downward Variance*

Gonzalez also asserts that the district court abused its discretion by misapplying 18 U.S.C. § 3553(a). According to Gonzalez, the district court unreasonably upwardly departed on its own motion and thereafter erroneously denied his motion for a downward variance.

In response, the government argues that the court was aware of its authority to vary from the Guidelines and properly found that the nature and circumstances of the offense, particularly the fact that Gonzalez threatened to stab a confidential informant with a knife, outweighed the granting of a downward variance. The government also maintains that the district court correctly found that Gonzalez's gang affiliation, his assaultive behavior and criminal history, and his family-responsibility deficiencies

---

[3]For example, ¶ 52 PSR concerning Gonzalez's conviction for second degree harassment indicates that "[a] probation violation, dated April 26, 2005, alleged the defendant violated conditions of probation when he failed to remain law abiding or contact his probation officer subsequent to any arrest or citation." Ultimately, Gonzalez was "found to be in contempt of court in lieu of revoking his probation." Paragraph 54 of the PSR, concerning Gonzalez's simple assault conviction, states that "the defendant had contact with a protected party, which violated the No Contact Order." Likewise, ¶ 59 of the PSR states that Gonzalez served two days in jail for violating a no contact order.

outweighed factors favoring a downward variance. Therefore, the government asserts that Gonzalez has failed to prove that his below-Guidelines sentence is unreasonable.

"When we review a defendant's sentence to determine whether it is unreasonable with regard to the application of 18 U.S.C. § 3553(a), we apply a 'deferentional abuse-of-discretion standard.'" *United States v. Canania*, 532 F.3d 764, 775 (8th Cir. 2008) (quoting *Gall*, 128 S. Ct. at 591). In imposing a sentence, the district court need not engage in a "mechanical recitation of the § 3553(a) factors." *United States v. Battiest*, 553 F.3d 1132, 1136 (8th Cir. 2009) (internal quotations and citations omitted). "In explaining the sentence the district court need only set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *United States v. Moore*, 565 F.3d 435, 437 (8th Cir. 2009) (internal quotations and citation omitted).

Here, Gonzalez concedes in his brief that the district court "carefully consider[ed] all of the specific factors relating to § 3553(a)" but still maintains that the district court's decision "does not fall within a resolution of reasonableness." This argument is without merit. After granting the government's U.S.S.G. § 5K1.1 motion for a sentence reduction based on substantial assistance and denying the defendant's request for a downward variance, the district court, using a starting point of 390 months' imprisonment, ultimately sentenced Gonzalez to 260 months' imprisonment—a sentence well *below* the applicable Guidelines range of 324 to 405 months' imprisonment. In its sentencing colloquy, the district court recognized that it had the authority to vary downward, as it stated its belief that "there are some factors that would warrant a downward variance," including "the physical abuse from the father, the emotional abuse from the mother, the effect of the divorce, the absence of the father in the defendant's life, of the general lack of parental support."

The district court then recited other § 3553(a) factors that militated against a downward variance, including "the nature and circumstances of the offense, particularly the defendant's threats to stab a confidential informant with a knife," among others. The district court properly explained its rationale for denying the motion for a downward variance, relying primarily on the nature and circumstances of the offense and the absence of unwarranted sentencing disparity.

## III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____