# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 08-1721/1722

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeals from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Oscar Soto-Corrales, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: August 19, 2009
Filed: August 27, 2009

_____

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Oscar Soto-Corrales pleaded guilty to illegally reentering the United States following a felony conviction, in violation of 8 U.S.C. § 1326(a), (b)(1). Granting the government's request for an upward departure, the district court[1] sentenced Soto-Corrales to 37 months in prison and 3 years of supervised release. The court also revoked Soto-Corrales's supervised release on a prior illegal-reentry conviction, and imposed a consecutive sentence of 18 months in prison. On appeal, Soto-Corrales's

_____

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

counsel has moved to withdraw, and in a brief filed under <u>Anders v. California</u>, 386 U.S. 738 (1967), counsel argues that the district court abused its discretion by departing upward and by imposing a consecutive revocation sentence. He asserts that the consecutive sentences are unreasonable "overall."

The challenge to the district court's upward departure amounts to an allegation that the court committed procedural error, which we review for abuse of discretion. <u>See</u> <u>United States v. Gonzalez</u>, No. 08-3361, 2009 WL 2136803, at *5 (8th Cir. July 20, 2009). Based on Soto-Corrales's multiple prior illegal-reentry convictions, his history of violating supervised release including when he committed the instant offense, and the district court's concerns about recidivism, we conclude that the court did not abuse its discretion in departing upward. <u>See</u> U.S.S.G. § 4A1.3(a)(1), (a)(4)(b) (describing circumstances warranting upward departure to higher offense level); <u>Gonzalez</u>, 2009 WL 2136803, at *5-*6 (in determining whether to depart upwardly, court may consider whether defendant has prior convictions for same type of offense, whether defendant repeatedly committed crimes while on probation, and whether instant offense was committed while defendant was on probation from last conviction; recidivism is reasonable basis for departure).

Next, we conclude that the district court did not abuse its discretion by making the revocation sentence consecutive to the sentence imposed on the new offense. <u>See</u> U.S.S.G. § 7B1.3(f), p.s. (any term of imprisonment imposed upon revocation of supervised release shall be made consecutive); <u>United States v. Miller</u>, 557 F.3d 910, 915-16 (8th Cir. 2009) (standard of review); <u>United States v. Caves</u>, 73 F.3d 823, 825 (8th Cir. 1996) (per curiam) (rejecting defendant's argument that district court abused its discretion by making revocation sentence consecutive to sentence for new charge).

We also reject counsel's argument that the consecutive sentences produced an unreasonable "overall" sentence: as to each sentence, the district court stated that it had considered all of the 18 U.S.C. § 3553(a) sentencing factors--and expressly

mentioned certain of those factors--and we see no indication that the district court failed to consider a relevant factor, gave significant weight to an improper factor, or made a clear error of judgment in weighing appropriate factors. See United States v. Watson, 480 F.3d 1175, 1177 (8th Cir. 2007) (listing circumstances where sentencing court abuses its discretion, resulting in unreasonable sentence); United States v. White Face, 383 F.3d 733, 740 (8th Cir. 2004) (court need not list every § 3553(a) consideration when sentencing defendant upon revocation of supervised release).

Finally, having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issue for appeal. Accordingly, we affirm the district court's judgment, and we grant counsel's motion to withdraw, subject to counsel informing appellant about procedures for seeking rehearing and filing a petition for certiorari.

_____