# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1582

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Joel Aguirre, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: December 29, 2009
Filed: December 31, 2009

_____

Before BYE, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Aguirre challenges the 235-month prison sentence the district court[1] imposed after he pled guilty to conspiring to distribute and possess with intent to distribute 50 grams or more of a methamphetamine mixture that contained 5 grams or more of actual methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846. His counsel has moved to withdraw and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), arguing that the court erred in (1) applying a 2-level increase for possessing a dangerous weapon pursuant to U.S.S.G. § 2D1.1(b)(1); (2) denying a

_____

[1] The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

minor-role reduction under U.S.S.G. § 3B1.2(b); (3) departing upward from a Category V to a Category VI criminal history under U.S.S.G. § 4A1.3(a); and (4) denying a downward departure or a variance based on Aguirre's diminished capacity. In his pro se supplemental brief, Aguirre echoes many of counsel's arguments and adds that his counsel was ineffective; he also moves for new appellate counsel.

The foregoing arguments, which we address seriatim, fail for the following reasons: (1) the court did not err in imposing the weapon enhancement based on sentencing testimony from a government witness, *see United States v. King*, 518 F.3d 571, 575 (8th Cir. 2008) (witness credibility); *United States v. Pizano*, 421 F.3d 707, 732 (8th Cir. 2005) (standard of review and requirements for imposing weapon enhancement); (2) the court did not err in denying a minor-role reduction based on sentencing testimony that Aguirre negotiated drug prices, delivered drugs, and weighed them, *see United States v. Carpenter*, 487 F.3d 623, 625-26 (8th Cir. 2007) (standard of review); *United States v. Cubillos*, 474 F.3d 1114, 1120 (8th Cir. 2007) (distribution of drugs that were object of conspiracy was more than sufficient to show deep involvement in offense); (3) the court did not abuse its discretion in departing upward in light of Aguirre's extensive criminal history, *see United States v. Gonzalez*, 573 F.3d 600, 605-07 (8th Cir. 2009); (4) we do not review the discretionary denial of Aguirre's motion for a downward departure, *see United States v. Utlaut*, 497 F.3d 843, 845 (8th Cir. 2007); (5) the court sufficiently considered relevant sentencing factors under 18 U.S.C. § 3553(a), and did not abuse its discretion in declining to vary downward, *see Gonzalez*, 573 F.3d at 607; and (6) the ineffective-assistance argument is not properly raised in this direct criminal appeal, *see United States v. Ramirez-Hernandez*, 449 F.3d 824, 826-27 (8th Cir. 2006).

Having reviewed the record independently under *Penson v. Ohio*, 488 U.S. 75 (1988), we find no nonfrivolous issues. Accordingly, we deny Aguirre's motion for new counsel; we grant counsel's motion to withdraw; and we affirm the district court.

_____