# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1442

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * Appeal from the United States |
| v. | * District Court for the Northern |
| | * District of Iowa. |
| Mishan Bradford, | * |
| | * [UNPUBLISHED] |
| Appellant. | * |

_____

Submitted: March 2, 2010
Filed: March 16, 2010

_____

Before MELLOY, BOWMAN, and SMITH, Circuit Judges.

_____

PER CURIAM.

In this direct criminal appeal, Mishan Bradford challenges the 96-month prison term the district court[1] imposed after he pleaded guilty to being a felon and unlawful user of controlled substances in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and (3), and 924(a)(2). His counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the court erred in departing upward by one criminal history category under U.S.S.G. § 4A1.3(a)

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

(understatement of criminal history), and that the sentence is substantively unreasonable. For the following reasons, we affirm.

The district court did not abuse its discretion in departing upward. The court adequately explained its decision and considered appropriate factors in concluding that Bradford was a recidivist whose criminal history category did not accurately reflect his recidivism. See United States v. Gonzalez, 573 F.3d 600, 605-07 (8th Cir. 2009) (no abuse of discretion in departing upward under § 4A1.3(a) where court considered appropriate factors and adequately explained decision).

We have also reviewed the sentence for substantive reasonableness. Under the highly discretionary standard of Gall v. U.S., 552 U.S. 38, 128 S. Ct. 586 (2007), we have no difficulty finding the sentence to be reasonable. The district court adequately considered and explained the 18 U.S.C. § 3553(a) sentencing factors that guided its determination. Given Bradford's lengthy criminal history, the district court did not abuse its discretion in imposing a 96 month sentence.

Finally, having reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we have found no nonfrivolous issues. Accordingly, we grant counsel's motion to withdraw, and we affirm the district court's judgment.

_____