# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2461

_____

United States of America,　　　　*
　　　　　　　　　　　　　　　　*
　　　　　　Appellee,　　　　　　*
　　　　　　　　　　　　　　　　*　　Appeal from the United States
　　v.　　　　　　　　　　　　　*　　District Court for the
　　　　　　　　　　　　　　　　*　　Northern District of Iowa.
Efrain Ayon-Lopez,　　　　　　　*
　　　　　　　　　　　　　　　　*　　[UNPUBLISHED]
　　　　　　Appellant.　　　　　　*

_____

Submitted: May 26, 2010
Filed: June 2, 2010

_____

Before WOLLMAN, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Efrain Ayon-Lopez pleaded guilty to possessing with intent to distribute and aiding and abetting another or others to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), and 18 U.S.C. § 2; and conspiring to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), and 21 U.S.C. § 846. The district court,[1] after calculating an advisory Guidelines imprisonment range of 262-327 months, granted Ayon-Lopez's motion for a downward variance and sentenced him to 230 months in prison and 5

_____

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

years of supervised release. On appeal, Ayon-Lopez suggests that he should have also received a downward departure based on substantial assistance, that he should not have received a Guidelines enhancement for being a manager or supervisor, and that his counsel was ineffective.

We first note that the district court lacked authority to depart downward based on substantial assistance, because the government did not file a substantial-assistance motion and nothing in the record suggests that the government acted improperly. See United States v. Davis, 397 F.3d 672, 676 (8th Cir. 2005) (per curiam) (absent motion by government, district court generally lacks authority to grant downward departure based on defendant's substantial assistance; if government expressly reserves discretion through plea agreement, this court will perform only limited review of decision not to file motion for downward departure for substantial assistance; exception to otherwise broad discretion of government to file motion for substantial assistance is triggered when government's refusal was irrational, in bad faith, or based on unconstitutional motive). Second, we conclude that Ayon-Lopez cannot challenge the Guidelines enhancement for being a manager or supervisor, because he withdrew that objection below. See United States v. Thompson, 289 F.3d 524, 526-27 (8th Cir. 2002) (where defendant withdrew objections in district court, including objection to Guidelines enhancement for being manager or supervisor, he was precluded from raising those objections on appeal). Third, we decline to consider Ayon-Lopez's ineffective-assistance arguments on direct appeal. See United States v. Cain, 134 F.3d 1345, 1352 (8th Cir. 1998) (ineffective-assistance-of-counsel claim should be raised in motion under 28 U.S.C. § 2255).

We also conclude that the district court did not impose an unreasonable sentence. See United States v. Feemster, 572 F.3d 455, 461, 464 (8th Cir. 2009) (en banc) (standards for reviewing sentence). The court did not commit any procedural error, see 18 U.S.C. § 3553(a)(1), (2)(A)-(D); United States v. Gonzalez, 573 F.3d 600, 607 (8th Cir. 2009) (court need not engage in mechanical recitation of § 3553(a)

-2-

factors, and need only set forth enough to satisfy appellate court that it considered parties' arguments and had reasoned basis for exercising its own legal decision-making authority), and there is no indication that the court failed to consider a relevant factor, gave significant weight to an improper or irrelevant factor, or committed a clear error in weighing the factors, see United States v. Saddler, 538 F.3d 879, 890 (8th Cir.) (describing circumstances where district court abuses its discretion and imposes unreasonable sentence), cert. denied, 129 S. Ct. 770 (2008).

We have independently reviewed the record and have found no nonfrivolous issue for appeal. Accordingly, the judgment of the district court is affirmed.

_____