# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3314

_____

United States of America,        *

                 *

         Appellee,         *

                 *    Appeal from the United States

    v.                   *    District Court for the Western

                 *    District of Arkansas.

Denny Eugene Goines, Jr.,       *

                 *    [UNPUBLISHED]

         Appellant.        *

_____

Submitted: June 13, 2011
Filed: June 21, 2011

_____

Before RILEY, Chief Judge, BYE and MELLOY, Circuit Judges.

_____

PER CURIAM.

Denny Eugene Goines, Jr., pleaded guilty to one count of coercion and enticement of a minor, in violation of 18 U.S.C. § 2422(b), and the resulting charge of a supervised release violation related to his 2003 case for possession of child pornography. The district court[1] sentenced him to 180 months on the new charge and a consecutive term of 18 months on the supervised release violation, to be followed by lifetime supervised release. In sentencing Goines on the new charge, the court varied upward from the sentencing range of 120 to 125 months calculated pursuant

_____

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

to the United States Sentencing Guidelines based on his offense level of 27 and criminal history category of IV. Goines argues his sentence on the principal conviction was unreasonable. Finding no error, we affirm.

Because Goines did not object to any procedural irregularities at sentencing, our review of the procedural aspects of the sentence is for plain error. United States v. Miller, 557 F.3d 910, 916 (8th Cir. 2009). Accordingly, Goines must show an error that is plain, that affects his substantial rights, and that seriously affects the fairness, integrity, or public reputation of judicial proceedings. United States v. Williams, 624 F.3d 889, 897 (8th Cir. 2010). Goines argues the district court committed procedural error by concluding he was ineligible for the departure under the Guidelines yet imposing an upward variance. Because we have previously rejected similar challenges as harmless errors, see, e.g., United States v. Mireles, 617 F.3d 1009 (8th Cir. 2010) (finding no plain error where the district court did not analyze the possibility of a departure from the Guidelines range and opted in favor of imposing an upward variance instead); United States v. Maurstad, 454 F.3d 787, 790 (8th Cir. 2006) (concluding that the district court's "failure to explicitly consider a departure under the Guidelines represents clear but harmless error"); United States v. Long Soldier, 431 F.3d 1120, 1122-23 (8th Cir. 2005) (stating the district court committed a harmless error by thinking it could not depart upward post-Booker and imposing an upward variance instead), we find Goines's argument concerning the procedural unreasonableness of his sentence to be without merit.

Turning to the substantive challenge to Goines's sentence, we engage in the deferential abuse-of-discretion standard, even though Goines did not object at sentencing. United States v. Deegan, 605 F.3d 625, 629 (8th Cir. 2010). "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." United States v. Feemster, 572 F.3d 455,

461 (8th Cir. 2009) (en banc) (internal quotation marks and citation omitted). "Where [a] district court in imposing a sentence makes an individualized assessment based on the facts presented, addressing the defendant's proffered information in its consideration of the § 3553(a) factors, such sentence is not unreasonable." United States v. Mangum, 625 F.3d 466, 469-70 (8th Cir. 2010) (internal quotation marks and citation omitted).

A careful reading of the sentencing transcript indicates the district court assessed the individual facts of Goines's case in imposing the ultimate sentence. The court began by reciting the relevant § 3553(a) factors. The court was concerned – as it should have been – about the escalating gravity of Goines's misconduct and about his consistent sexual interest toward minors reflected in his criminal history. See Maurstad, 454 F.3d at 790 (relying on the escalating nature of the defendant's offenses in upholding the sentence as reasonable); United States v. Carey, 898 F.2d 642, 646 (8th Cir. 1990) (endorsing reliance on the similarities in the defendant's offenses as justification for the upward departure). The court properly emphasized Goines had previously violated the terms of his supervised release and was on supervised release at the time of the present offense. See United States v. Larison, 432 F.3d 921, 924 (8th Cir. 2006) (finding the sentence reasonable based, in part, on the defendant's repeated supervised release violations). Finally, the court perceived the previous sentences had not been effective, and a lengthier sentence was required to achieve the objectives of § 3553(a). See United States v. Gonzalez, 573 F.3d 600, 607 (8th Cir. 2009) (concluding, based on the number of the defendant's prior offenses, that an upward departure was appropriate). Given our extremely limited role in assessing the substance of Goines's sentence, we affirm the upward variance, even though it represents a fifty-percent increase compared to the upper limit of the Guidelines range. See United States v. Clay, 579 F.3d 919, 934 (8th Cir. 2009) (rejecting a substantive unreasonableness challenge to a sentence that was 615 percent above the high end of the defendant's Guidelines range); see also Gall v. United States, 552 U.S. 38, 47 (2007) (rejecting a "rigid mathematical formula that uses the

percentage of a departure as the standard for determining the strength of the justifications required for a specific sentence").

Accordingly, we affirm the district court's sentence.

_____