# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2473

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Arkansas. |
| Kendrick Antion Moore, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: May 9, 2011
Filed: July 12, 2011

_____

Before WOLLMAN, BYE, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Kendrick Moore pleaded guilty to being a felon in possession of a firearm, see 18 U.S.C. § 922(g)(1), and was sentenced to the statutory maximum of 120 months' imprisonment. Moore's sentence fell within the sentencing range of 100-120 months calculated pursuant to the United States Sentencing Guidelines based on his offense level of 26 and criminal history category of V. Moore challenges his sentence, arguing the district court[1] was improperly influenced by its familiarity with the

_____

[1]The Honorable Brian S. Miller, United States District Judge for the Eastern District of Arkansas.

Arkansas criminal system and its perception that the system, which allows for early release of some inmates on parole, is too lenient. Finding no error, we affirm.

We review the district court's sentence under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 56 (2007). "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (internal quotation marks and citation omitted) (en banc). Sentences within the advisory guidelines range are presumed reasonable. United States v. Sandoval-Sianuqui, 632 F.3d 438, 444 (8th Cir. 2011).

In fashioning a sentence, the court must impose a sentence which is "sufficient, but not greater than necessary" to meet the following statutory goals:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

Moore's charge regarding the district court's consideration of an improper factor is premised on the following part of the court's sentencing colloquy:

> I'm faced with the facts. I'm faced with a 1995 robbery, theft of property. And that's in Pulaski County Circuit Court. I'm faced with manufacturing and delivery and possession of a controlled substance, and possession of a controlled substance again within a thousand feet of

a school in 1997. I'm faced with domestic battery, and that's a misdemeanor because it's third degree, in 2007. I'm faced with possession of a controlled substance, tampering with evidence in 2008. Now, I think . . . you might have been on probation at the time you committed this offense. So looking at your history, I don't see anything in here that would tell me that if I gave you another chance . . . it's going to help you. You know, I'm faced with the fact . . . that every other offense that was committed was committed in state court, which I used to work in state court as a prosecutor. And in the state court, you go down there, you plead guilty, you take ten years in prison. What, 16 months, 12 months, you're out. And so the calculation is that it doesn't matter, I'll be back out on the street in a very short period of time. Well, in the federal court, we're a little different. You know, in federal court, if I put this ten years on you, you're going to do ten years. There's not going to be any getting out in 16 months.

And usually what I've found is . . . that people don't take it serious until they come down to federal court. They come down here, I get ready to put them years on you, and then you start thinking about life and thinking, I'm about to go do ten years, so I need to start taking this stuff more seriously.

Sentencing Transcript at 16-18.

A fair reading of the district court's reasoning reveals the court's desire to mete out a sentence which would deter Moore, who had been convicted and punished on several prior occasions, all to no avail, from breaking the law again. Given the seriousness of the conduct underlying Moore's most recent conviction – shooting at the vehicle driven by his former girlfriend – it was perfectly reasonable for the court to take into consideration failed efforts of prior judges to reform the defendant. United States v. Gonzalez, 573 F.3d 600, 606 (8th Cir. 2009) ("In deciding the likelihood that a defendant may commit other crimes, a court may take into account any evidence of obvious incorrigibility and conclude that leniency has not been effective.") (internal quotation marks and citation omitted). It was also within the

court's bounds to stress that Moore committed the present offense while on probation from his last conviction, <u>United States v. Mosby</u>, 543 F.3d 438, 442 (8th Cir. 2008), and did not take the previous sentences seriously. <u>United States v. Fight</u>, 625 F.3d 523, 526 (8th Cir. 2010) (imposing a higher sentence based, in part, on a high risk of reoffending where the defendant was previously convicted of more than forty offenses of similar type). Because the court could plainly consider "that the state courts had treated [Moore] with leniency when fashioning punishment for . . . prior convictions," <u>United States v. Shannon</u>, 414 F.3d 921, 924 (8th Cir. 2005), the court did not focus its attention on an improper or irrelevant factor.

Accordingly, we affirm the district court's sentence.

_____