# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 11-2965

———————

United States of America,

        Appellee,

v.

Myron Kimble,

        Appellant.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Eastern District of Missouri.
\*
\*   [UNPUBLISHED]
\*

———————

Submitted: February 6, 2012
Filed: February 8, 2012

———————

Before BYE, COLLOTON, and GRUENDER, Circuit Judges.

———————

PER CURIAM.

Myron Kimble pleaded guilty to interfering with interstate commerce by threats or violence, in violation of 18 U.S.C. §§ 2, 1951(a); kidnaping, in violation of 18 U.S.C. §§ 2, 1201(a)(1); brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 2, 924(c); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The district court[1] imposed an aggregate prison sentence of 319 months. On appeal, Kimble's counsel moves to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the district

———————

[1]The Honorable Catherine D. Perry, Chief Judge, United States District Court for the Eastern District of Missouri.

court committed procedural error in failing to adequately explain the sentence it imposed, and abused its discretion by failing to adequately consider Kimble's childhood and history of abuse and neglect, which warranted a downward variance.

We review the district court's sentence for an abuse of discretion. <u>See</u> <u>United States v. Feemster</u>, 572 F.3d 455, 460-61 (8th Cir. 2009) (en banc) (court first ensures no significant procedural error occurred and then considers substantive reasonableness of sentence under totality of circumstances). We conclude that the district court committed no procedural error in explaining the sentence and that it did not abuse its discretion in declining to vary downward. The court heard arguments for and against a downward variance; stated that it had considered the section 3553(a) factors; found that this was a serious case based on the violent nature of the kidnaping, the flight from police, and the use of firearms; and stated that the sentence was necessary to reflect the objectives of punishment, deterrence, and public protection. <u>See</u> 18 U.S.C. § 3553(a)(1), (2)(A)-(C); <u>United States v. Gonzalez</u>, 573 F.3d 600, 607-08 (8th Cir. 2009) (district court need not engage in mechanical recitation of § 3553(a) factors and need only set forth enough to satisfy appellate court that it considered parties' arguments and had reasoned basis for exercising its own legal decision-making authority; court considered factors warranting downward variance, including defendant's physical and emotional abuse, and properly explained rationale for denying downward variance when relying primarily on nature and circumstances of offense).

Accordingly, after performing an independent review under <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), and finding no nonfrivolous issue, we grant counsel's motion to withdraw, and we affirm.

_____