# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-2094

_____

United States of America

*Plaintiff - Appellee*

v.

Harold Ford

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: November 16, 2012
Filed: February 8, 2013

_____

Before RILEY, Chief Judge, WOLLMAN and MELLOY, Circuit Judges.

_____

MELLOY, Circuit Judge.

Harold Ford pleaded guilty to one count of carjacking (Count I), one count of brandishing a firearm in furtherance of a crime of violence (Count II), and one count

of being a felon in possession of a firearm (Count III). He appeals the district court's[1] sentence. We affirm.

I.

Ford's three convictions stemmed from two different incidents in 2009. In April 2009, Ford held a woman at gunpoint, forced her to drive him around in her car, and forced her to withdraw money from her bank account. Ford eventually released her but stole her car. Police were initially unable to locate Ford or the stolen car. Then, in May 2009, Ford was driving the stolen car when police attempted to stop him for driving erratically. Ford was carrying a firearm. In an effort to avoid capture, Ford fired at police from close range through the front and side windows of the patrol car. One officer was shot through the hand and the hearing of another officer was damaged. Ford was then apprehended. He eventually pleaded guilty to the three charges listed above.

At Ford's sentencing hearing, Dr. Donald Cross, a clinical psychologist, testified that Ford suffered from posttraumatic stress disorder, a result of childhood abuse, and borderline intellectual functioning. Dr. Cross described Ford as "a very angry man" but testified that in his opinion people around Ford "would be fairly safe" if, after Ford's release from prison, Ford lived in a "type of facility where his whereabouts are known 24 hours a day, his medication can be managed, food is basically supplied for him so he does not have to go out into the community" and where Ford could receive regular counseling. Defense counsel moved for a downward departure or variance based on Ford's "posttraumatic stress disorder and depression and the fact that . . . [Ford] has a low IQ and been physically and

---

[1] The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

emotionally abused to such a severe extent." The district court denied defense counsel's motion.

Speaking from the bench, the district court noted 18 U.S.C. § 3553(a) "lists a number of factors I'm required to consider," including "the history and characteristics of the defendant, the need for the sentence imposed to reflect the seriousness of the offense, [and the need] . . . to protect the public . . . ." The district court discussed Ford's limited mental capacity and history of abuse. The district court cited the seriousness of Ford's crimes and referenced Dr. Cross's opinion that Ford would require constant monitoring outside of prison. The district court determined Ford's crimes showed a "lack of respect for society and lack of respect for the law." Ultimately, the district court stated, "when I look at the totality of the circumstances . . . I am persuaded that a sentence of life in prison is the only reasonable sentence to be imposed today." The court concluded, "[P]rotecting the public mandates the sentence that I imposed . . . ."

Grouping Counts I and III, the district court determined a Sentencing Guidelines range of 444 months' to life imprisonment applied to Ford. The district court sentenced Ford to 180 months' imprisonment on Count I, life imprisonment on Count II to run consecutively with Counts I and III, and life imprisonment on Count III to run concurrently with Count I. Defense counsel objected to the grouping of Counts I and III. The court stated, "[W]hether we grouped correctly or didn't group correctly, I would engage in a variance to achieve [a life sentence] because it's the only way I can reasonably value [18 U.S.C. § 3553(a)] . . . ."

Ford timely appealed. On appeal, Ford argues (1) the district court erred by grouping Counts I and III; (2) his sentence was unreasonable because the district court failed to adequately consider 18 U.S.C. § 3553(a); and (3) the district court failed to properly explain his sentence.

II.

We address the district court's consideration of 18 U.S.C. § 3553(a) and explanation of Ford's sentence together and then separately address the grouping of Counts I and III.

A. 18 U.S.C. § 3553(a) Factors and Proper Explanation of the Sentence

"When we review a defendant's sentence to determine whether it is unreasonable with regard to the application of 18 U.S.C. § 3553(a), we apply a deferential abuse-of-discretion standard." United States v. Acosta, 619 F.3d 956, 962–63 (8th Cir. 2010) (quoting United States v. Gonzalez, 573 F.3d 600, 607 (8th Cir. 2009)). "[T]he court has substantial latitude to determine how much weight to give the various factors under § 3553(a)." United States v. Ruelas-Mendez, 556 F.3d 655, 657 (8th Cir. 2009). Further, "[i]n explaining the sentence the district court need only set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Acosta, 619 F.3d at 963 (quoting Gonzalez, 573 F.3d at 607). "The court's explanation is sufficient if the sentencing record taken as a whole demonstrates that the court considered the relevant factors." United States v. Krzyzaniak, No. 12-1524, 2013 WL 68888, at *2 (8th Cir. Jan. 8, 2013) (citing United States v. Gray, 533 F.3d 942, 944–46 (8th Cir. 2008)).

The transcript of Ford's sentencing hearing shows the district court did consider the § 3553(a) factors, including Ford's history of abuse and limited mental capacity; the court simply determined the need to protect the public outweighed any leniency Ford's specific characteristics might indicate. Such a determination is within the district court's discretion, and we find no abuse of that discretion. Ruelas-Mendez, 556 F.3d at 658 (decision to place greater weight on some factors "is a permissible exercise of the considerable discretion available to a sentencing court under the post-

-4-

Booker regime"). For the same reason, we conclude the district court sufficiently explained Ford's sentence. The district court's discussion of the § 3553(a) factors, including the seriousness of Ford's crimes, the danger Ford poses to the public, and Dr. Cross's opinion that Ford would need medication, 24-hour monitoring, counseling, and provision of basic necessities to diminish that danger, demonstrates the district court considered the relevant factors and provided a reasoned basis for its decision.

B. Grouping of Counts I and III

"When reviewing a district court's imposition of a sentence, we 'must first ensure that the district court committed no significant procedural error.'" United States v. Waller, 689 F.3d 947, 957 (8th Cir. 2012) (quoting Gall v. United States, 552 U.S. 38, 51 (2007)). Improperly calculating the Guidelines range constitutes significant procedural error. Gall, 552 U.S. at 51. However, "we have found harmless sentencing error when a court specifically identifies the contested issue and potentially erroneous ruling, sets forth an alternative holding supported by the law and the record in the case, and adequately explains its alternative holding." United States v. Sayles, 674 F.3d 1069, 1072 (8th Cir. 2012) (citing United States v. Straw, 616 F.3d 737, 742–43 (8th Cir. 2010)); see also United States v. Staples, 410 F.3d 484, 492 (8th Cir. 2005) (harmless error if "the district court would have given the defendant the same sentence regardless of which guidelines range applied").

We need not decide whether the district court properly grouped Counts I and III because any error in grouping was harmless. "Unlike cases where we have rejected arguments of harmless error, the judge here did not simply make a 'blanket statement' that the sentence was 'fair,' in an effort to 'cover any and all potential guideline calculation errors.'" United States v. LaRoche, 700 F.3d 363, 365 (8th Cir. 2012) (internal citation omitted) (quoting United States v. Bah, 439 F.3d 423, 431 (8th Cir. 2006)). Rather, the district court specifically identified its potential error

and indicated an alternative it would have employed to achieve the same result. Emphasizing the danger Ford poses to the public, the district court made clear it would have imposed a life sentence even absent the grouping of Counts I and III. On this record, any error in grouping was harmless.

## II.

For the reasons stated above, we affirm Ford's sentence.

_____