# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-2630

_____

United States of America

*Plaintiff - Appellee*

v.

David Alex Smith

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Hot Springs

_____

Submitted: April 3, 2013
Filed: April 10, 2013
[Unpublished]

_____

Before WOLLMAN, BOWMAN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

David Smith pleaded guilty to 12 counts of producing child pornography, in violation of 18 U.S.C. § 2251(b), (e). The district court[1] imposed concurrent

_____

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

sentences of 50 years in prison for each count and a lifetime term of supervised release. On appeal, Smith's counsel has moved to withdraw and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), in which he argues that the district court erred in calculating the Guidelines range; that a downward variance was warranted based on Smith's age and the abuse he suffered as a child; and that the district court did not set out specific facts justifying the sentence imposed. Smith has moved for appointment of counsel, and in a pro se brief, he argues that his guilty plea was coerced, and that the district court lacked subject-matter jurisdiction over his case.

Upon careful review of the prison sentence, we conclude that the court correctly calculated the Guidelines range, *see United States v. Bates*, 584 F.3d 1105, 1108 (8th Cir. 2009) (*de novo* review of district court's interpretation and application of Guidelines); that the court sufficiently explained its sentence, *see United States v. Gonzalez*, 573 F.3d 600, 607 (8th Cir. 2009) (in imposing sentence, district court need not engage in mechanical recitation of 18 U.S.C. § 3553(a) factors); and that the court committed no significant procedural error, properly considered and weighed appropriate sentencing factors, and did not impose a substantively unreasonable sentence, *see United States v. Feemster*, 572 F.3d 455, 460-62 (8th Cir. 2009) (en banc) (appellate court's review of sentence for abuse of discretion includes (1) ensuring no significant procedural error occurred, and (2) considering substantive reasonableness under totality of circumstances).

As to Smith's pro se arguments, we conclude that the jurisdictional argument is meritless, *see United States v. Romero-Galue*, 757 F.2d 1147, 1150-51 n.10 (11th Cir. 1985) (district court "obviously had subject matter jurisdiction" because Congress, pursuant to 18 U.S.C. § 3231, "conferred upon the federal district courts the power to adjudicate all cases involving crimes against the United States"), and that his coerced-guilty-plea claim is not cognizable in this direct criminal appeal, *see United States v. Murphy*, 899 F.2d 714, 716 (8th Cir. 1990) (claim that guilty plea

was involuntary is not cognizable on direct appeal unless first presented to district court).

Finally, having reviewed the record independently under *Penson v. Ohio*, 488 U.S. 75 (1988), we have found no nonfrivolous issue for appeal. Accordingly, we grant counsel's motion to withdraw, deny Smith's motion for appointment of counsel, and affirm the judgment of the district court.

—————————————————