# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-2209

_____

United States of America

*Plaintiff - Appellee*

v.

Mark Anthony Curtis, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Eastern

_____

Submitted: April 12, 2021
Filed: June 7, 2021
[Unpublished]

_____

Before GRUENDER, BENTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Mark Anthony Curtis pled guilty to receipt and transportation of child pornography in violation of 18 U.S.C. §§ 2252(a)(1), (a)(2), and 2252(b)(1). The

district court[1] granted his request for a downward variance, sentencing him to 139 months in prison. He appeals the sentence. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Curtis asserts his sentence is substantively unreasonable. The government argues Curtis waived his right to appeal the sentence in his plea agreement. This court need not decide the issue because the district court did not abuse its discretion in imposing the sentence. *See United States v. Gonzalez*, 573 F.3d 600, 607 (8th Cir. 2009) (determining whether a sentence is unreasonable, this court applies a deferential abuse-of-discretion standard). "[I]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc).

Imposing a sentence 12 months below the bottom of the guidelines-range, the district court discussed the 18 U.S.C. § 3553(a) factors. It discussed the nature and circumstances of the offense including the "some 25,809 images that consisted of 333 videos and 834 still images of child pornography." "[T]he sexual conduct depicted in these images" showed the abuse of children from toddlers and teens and "involved about every sexual act that could be committed to a child." The district court also discussed mitigating factors including Curtis's physical and sexual abuse as a child and the abandonment of his mother. The court concluded that a sentence below the guidelines range was appropriate because of the childhood abuse. But it noted that a significant variance was not appropriate because "the nature of this offense is aggravating and there were a lot of images here and a lot of victims."

The district court did not abuse its discretion. *See United States v. Wisecarver,* 644 F.3d 764, 774 (8th Cir. 2011) ("[T]he district court's choice to assign relatively greater weight to the nature and circumstances of the offense than to the mitigating

---

[1]The Honorable Charles J. Williams, United States District Judge for the Northern District of Iowa.

personal characteristics of the defendant is well within the wide latitude given to individual district court judges in weighing relevant factors." (cleaned up)).

\* \* \* \* \* \* \*

The judgment is affirmed.

_____